time the dealings were had the corporation was insolvent. Obviously this is not a proper construction of the statute.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

(118 App. Div. 160)

## GOEPEL v. ROBINSON MACH. CO.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. ACTION—CONSOLIDATION—SUITS ON SEPARATE NOTES.

    Where actions were pending in the City and Supreme Courts between the same parties on notes, defendant, on paying the costs in the City Court case, could have that action consolidated with the other, though plaintiff could have got to trial in the City Court case before the consolidated case could be heard; it appearing that the latter could be heard within a reasonable time.

2. SAME—EFFECT—ATTACHMENT.

    Where actions pending between the same parties in the City and Supreme Courts on notes were consolidated in the Supreme Court at defendant's instance, it was error to vacate an attachment obtained by plaintiff in the City Court, though he had also obtained security in the Supreme Court case.

Appeal from Special Term, New York County.

Action by Charles F. Goepel against the Robinson Machine Company. Plaintiff appeals from an order consolidating an action in the City Court with an action in the Supreme Court, and vacating an attachment granted in the City Court. Modified and affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Peter B. Olney, Jr., for appellant.

Philip K. Walcott, for respondent.

INGRAHAM, J. The actions in this court and in the City Court were upon promissory notes made by the defendant. The action in this court was commenced on November 9, 1906, and in the City Court on the 7th of December, 1906. There is no reason suggested why these actions should not be consolidated, except that the plaintiff may be able to get the case in the City Court upon the short calendar and have the case tried before the action can be tried in the Supreme Court. The action, however, can be disposed of within a reasonable time in this court, and the controversy upon these notes should be disposed of in one action. The defendant, however, should pay the costs in the City Court action, and the attachment granted in the City Court should not have been vacated.

The plaintiff is entitled to the same security for the payment of any judgment to which he will be entitled in the consolidated action that he had in the two actions which were consolidated. The fact that the plaintiff had obtained security in the action commenced in this court is no reason why he should be deprived of the security that he has obtained in the City Court action.

I think, therefore, that the order appealed from should be modified, by requiring, as a condition of the consolidation, that the defendant

pay the costs in the City Court action, and that the provision vacating the attachment granted in the City Court be stricken out, and, as thus modified, affirmed, without costs. All concur.