HEATH DRY GAS CO. v. HURD et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. PLEADING—INSUFFICIENT COMPLAINT—DEMURRER TO ANSWER.
 Though the defense demurred to is insufficient, if the complaint itself does not state a cause of action, it will be dismissed.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 540–542.]

2. SALES—WARRANTY—ACTION FOR BREACH—COMPLAINT.
 An allegation that defendant agreed to construct carbureters for plaintiff in a careful and skillful manner, and plaintiff, relying on said contract and believing they were so constructed, etc., accepted them and used them, stated an express warranty of quality.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1235.]

3. PLEADING—COMPLAINT—FORM AND REQUISITES.
 A cause of action is stated whenever the necessary allegations may be fairly gathered from all the averments, though the facts are informally and argumentatively alleged.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 32, 38.]

4. SALES—WARRANTIES—WHAT CONSTITUTES.
 Whatever a seller represents at the time of the sale is a warranty; no particular words being required.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 727–735.
 For other definitions, see Words and Phrases, vol. 8, pp. 7396–7404, 7833.]

5. SAME—IMPLIED WARRANTIES—FITNESS FOR PURPOSE INTENDED.
 An averment that defendant agreed to manufacture carbureters for plaintiff in a skillful manner, etc., implied a warranty that they should be

free from latent defects resulting from manufacture, and merchantable and fit for the purpose intended.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 772, 773.]

6. SAME—LATENT DEFECTS—ACCEPTANCE OF GOODS—WAIVER OF WARRANTY.

Where the defects in a manufactured article were latent and could only be determined by use, the vendee did not by accepting them waive his rights under vendor's warranties against defects.

7. SAME—IMPLIED WARRANTIES—BREACH—WAIVER OF BREACH—NOTICE OF DEFECTS TO SELLER—RETURN OF GOODS.

Where plaintiff received and resold a lot of carbureters manufactured by defendant under a warranty against defects, and they were returned to plaintiff as defective and he had them repaired and the defects remedied, plaintiff's failure to offer to return the defective carbureters to defendant was not a waiver of the latter's breach of warranty, since it was impossible to learn of the defects until they had been sold and used.

Cochrane, J., dissenting.

Appeal from Special Term.

Action by the Heath Dry Gas Company against Benjamin Hurd and others. From an interlocutory judgment sustaining a demurrer to a part of the answer, defendants appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Adelbert J. Smith, for appellants.

Edgar T. Brackett, for respondent.

SEWELL, J. The defendant does not claim that the defense demurred to is sufficient, but raises the objection that the complaint itself does not state facts sufficient to constitute a cause of action. It is well settled that such an objection, if well taken, is not only a complete answer to the demurrer, but should result in the dismissal of the complaint. People v. Booth, 32 N. Y. 397.

The only question, therefore, to be considered upon this appeal, is whether a cause of action is stated in the complaint. The allegations of the complaint, summarized, are that the plaintiff and the defendants entered into a contract, whereby the defendants agreed to construct carbureters for the plaintiff in such lots as should be ordered; that the carbureters were to be constructed in a careful, workmanlike, and skillful manner; that the plaintiff ordered 225 carbureters to be constructed by the defendants; that the defendants constucted and delivered 151; that the plaintiff, relying upon said contract and believing that the carbureters were constructed in a careful, workmanlike, and skillful manner, and not otherwise, received the same and proceeded to and did use the carbureters in its business, and did sell a large number to its patrons and customers; that they were improperly, carelessly, unskillfully, and negligently constructed, and made useless and valueless to the plaintiff, and have failed in all respects to do the work intended to be done by them as provided in said agreement; that the plaintiff was unable to see the defects in the construction by reason of the nature of the construction, the defective and insufficient parts being hidden from view or inspection; that plaintiff did not learn of said defects until it had sold a great many, and they had been returned as defective; that the plaintiff has been put to great expense in hav-

ing the improper construction of the carbureters remedied and repaired so that they could be used for the purpose contemplated by the agreement and intended for them, and so that they would do the work intended to be done by them as provided in said agreement, and that the plaintiff has suffered damage in the sum of $10,000. Giving these allegations a liberal construction, I think that an express warranty was alleged. A cause of action is deemed to be stated in a complaint whenever the requisite allegations can be fairly gathered from all the averments, though the facts are imperfectly, informally, or argumentatively averred, and the pleading deficient in technical language. Zabriskie v. Smith, 13 N. Y. 330, 64 Am. Dec. 551; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. No particular phraseology is required to constitute a warranty. It is a general rule that whatever a seller represents at the time of a sale is a warranty. Hawkins v. Pemberton, 51 N. Y. 198. Here was a positive affirmation that the carbureters should be constructed in a careful, workmanlike, and skillful manner. Aside from this, it may be fairly implied from other allegations of the complaint that it was also agreed that the carbureters should answer the purposes and do the work intended to be done by them. I am quite clear that the representations as to the construction of the carbureters constituted a warranty; but assuming, as we may for the argument, that there was no express warranty, the complaint contains a sufficient cause of action for the recovery of damages for the breach of an implied warranty. Under the averment that the agreement was with the manufacturer, every fact essential to a warranty is impliedly alleged and provable. This statement imports a contract or warranty that the carbureters shall be free from latent defects growing out of the process of manufacture, that they shall be merchantable, and fit for the purposes intended.·

I can see no reason why the obligation of the defendants did not, under the circumstances in this case, survive the plaintiff's acceptance and use of the property. Where the defects are latent and not apparent on inspection, there is no occasion for refusing to accept the property, and it cannot be presumed from an acceptance that the vendee intended to accept an inferior article as a substantial compliance with the contract or as satisfactory to him. Assuming that the general rule is, when articles are manufactured and sold under an executory contract like the one in question, that as soon as defects are ascertained the vendee must offer to return the property, or be held to have waived the breach of warranty, the fact that the plaintiff did not learn of the defects until it had used the carbureters and sold a large number makes this case an exception to the rule. Under such circumstances there is a good reason and an excuse for retaining the property, and the failure to return cannot be construed into a waiver of the breach of contract. Carlton v. Lombard, Ayres & Co., 149 N. Y. 137, 43 N. E. 422; Bierman v. City Mills Co., 151 N. Y. 482, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. Rep. 635.

We are therefore of the opinion that the trial court correctly held that the facts stated in the complaint were sufficient to constitute a cause of action, and the judgment must be affirmed with costs.

Interlocutory judgment affirmed, with costs, with leave to defendant

on payment, within 20 days, of such costs and of the costs in the court below, to serve an amended answer. All concur, SMITH, P. J., in result, except COCHRANE, J., dissenting in opinion.

COCHRANE, J. I dissent. The contract of sale alleged in the complaint is executory. The express warranty, if any, alleged to have been broken, is only such as the law implies. In Reed v. Randall, 29 N. Y. 358, 362, 86 Am. Dec. 305, it was said:

"In legal effect, therefore, the agreement as to which the breach was alleged was the same as the law would imply, in the absence of words of express contract. It would be established upon proof of a contract to sell and deliver the tobacco at a future time, and without proof of express words between the parties, and, if express words were used between the parties, yet superadding to the terms of a contract words expressing an obligation which the law implies does not change the nature or extent of the obligation or the remedy upon it."

That case has been frequently cited and discussed, but I am not aware that the principle involved in the foregoing quotation has ever been questioned. The precise point was there involved and decided. The complaint was quite as comprehensive and suggestive of inferences of an express warranty as is this complaint, but it was dismissed on the opening of the case, because it was not stated that plaintiff had offered to return the property. In Day v. Pool, 52 N. Y. 416, 11 Am. Rep. 719, Judge Peckham, considering Reed v. Randall, said it was not a case of warranty. He also said that case "would have been decided the other way had there been an express warranty as to the quality of the tobacco. The court held there was no warranty and that was the ground of the judgment." Although the defects in the property involved herein were not discoverable when the property was received by plaintiff, the complaint shows that such defects were subsequently discovered, and the plaintiff then exercised dominion over the property without offering to return it. It also appears from the complaint that such property could have been returned after the defects were discovered. To say that, where the defects do not appear upon inspection, it cannot be presumed from an acceptance that the vendee intended to accept an inferior article as a compliance with the contract, is merely the assertion of a truism. If the property can be returned after the defects are discovered, there is no reason in principle or on authority why such return should not be made, although the property had been previously accepted in ignorance of defects not then discoverable. And that the vendee must under such circumstances return or offer to return the property notwithstanding its prior acceptance was expressly held in the case of Crane Company v. Collins, 103 App. Div. 480, 93 N. Y. Supp. 174, which case clearly distinguishes Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 43 N. E. 422, and Bierman v. City Mills Company, 151 N. Y. 482, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. Rep. 635, cited in the prevailing opinion herein. The court said:

"It can make no difference when the defect of quality is discovered. If the defect is latent and can only be discovered by a use of the articles, which use in itself is a conversion of the goods sold, or such a use of the goods that it is impossible to return them, then, of course, the obligation to return does

not exist, for a return of the articles sold is rendered impossible by relying upon the representations of the vendor; and this was the case of Bierman v. City Mills Co., supra, and Carleton v. Lombard, Ayres & Co., supra; but where, after the defect is discovered, the vendee has an opportunity to return the goods, a retention of the goods precludes the vendee from alleging that the articles were not of the description and quality provided for in the contract."

That case was cited by this court approvingly and with unusual emphasis in Tompkins v. Lamb, 121 App. Div. 371, 106 N. Y. Supp. 6.

The complaint in this case shows that such of the articles as were sold by plaintiff were returned to it, and it cannot reasonably be claimed that it was not in its power to return the articles to defendants substantially unchanged after discovering the defects. The rule requiring the vendee of property with an implied warranty in an executory contract to offer to return it is for the benefit of the vendor, that he may protect himself and take such steps as he deems advisable to minimize the damages. The vendee may not assume to decide for the vendor that the latter would not elect to take back the property because of some slight modifications, or because a few of many articles could not be returned. If it is within the power of the vendee to substantially return the property without prejudice to himself because of its changed condition or use, he should offer to do so before seeking to impose on the vendor a different liability or a different measure of damages.

If, then, there is no express or collateral warranty alleged in the complaint other than such as the law implies, such complaint is insufficient in the absence of an allegation of an offer to return the property. Coplay Iron Company v. Pope, 108 N. Y. 232, 15 N. E. 335; Reed v. Randall, supra.