"We hold that it is in contravention neither of the letter nor the spirit of the law for the carrier to provide a higher rating for goods of special value than it applies to goods of the same class but of lower value. If it enforces its tariff in good faith, endeavoring to give to each shipment the rating which its value requires, the law affords complete protection against the frauds and misrepresentations of the shipper. * ·* * If a rate is conditioned upon the shipper's agreeing that the carrier's liability shall not exceed a certain specified value: (a) The stipulation is valid when loss occurs through causes beyond the carrier's control. (b) The stipulation is valid, even when loss is due to the carrier's negligence, if the shipper has himself declared the value, expressly or by implication; the carrier accepting the same in good faith as the real value, and the rate of freight being fixed in accordance therewith."

Upon principle and authority we are of the opinion that the amendment to section 20 of the interstate commerce act, upon which the plaintiffs rely, has not abrogated and was not intended to abrogate the well-established rule, recognized by the courts of this state and by the federal courts, that under such a state of facts as is presented in this case the carrier's liability is limited to the declared and agreed value specified in the shipping receipt.

It follows that the determination of the Appellate Term must be reversed, and the judgment of the Municipal Court affirmed, with costs to the appellant in this court and the court below. All concur.

---

HOWLAN v. NEW YORK & N. J. TELEPHONE CO.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

DEATH (§ 48*) — ACTION—PLEADING—STATUTE GIVING RIGHT OF ACTION—FOREIGN STATUTE—SUFFICIENCY OF ALLEGATIONS.

    A complaint in an action in New York by an administrator for injuries resulting in death occurring in New Jersey, which merely alleged that the action was brought in accordance with the rights granted plaintiff by an act of the Seventy-Second Legislature of the state of New Jersey, entitled "An act to provide for recovery of damages for death by wrongful act," etc., was insufficient for not alleging the provisions of the statute, or that it is similar to the New York statute, or that it gives the right of action to the administrator.

    [Ed. Note.—For other cases, see Death, Cent. Dig. § 63; Dec. Dig. § 48.*]

Appeal from Special Term, Oneida County.

Action by Patrick Howlan, as administrator of James Howlan, against the New York & New Jersey Telephone Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to plead over.

The action was commenced on the 26th day of June, 1907, to recover damages resulting from the death of plaintiff's intestate, alleged to have been caused solely through the negligence of the defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Jerome S. Seacord, for appellant.
A. Lee Olmsted, for respondent.

McLENNAN, P. J.  The facts which are alleged in the complaint as to the appointment of plaintiff as administrator of the decedent's estate, the happening of the accident, the death of plaintiff's intestate, the negligence of the defendant, and the decedent's freedom from contributory negligence concededly constitute a cause of action in plaintiff's favor if the accident had occurred within this state; but it is alleged that the accident and death occurred in the state of New Jersey, and was occasioned by the negligence of the defendant, which occurred in that state.  The only allegation in the amended complaint which it is claimed entitles the plaintiff in this action to recover damages for the death so occurring is in paragraph VI, which is as follows:

"VI. Plaintiff further alleges, upon information and belief, that at the time of the injury and death of the plaintiff's intestate, and at the time of the commencement of this action, there was and now is a statute of the state of New Jersey, duly passed and adopted by the Legislature of the said state of New Jersey, and duly signed by all the proper officers of the said state of New Jersey, and in force, entitled 'An act to provide for the recovery of damages in cases where the death of a person is caused by a wrongful act, neglect or default,' the same being an act of the Seventy-Second Legislature of the state of New Jersey, and that this action is brought pursuant to the provisions and in accordance with the rights granted to the plaintiff by virtue of the said statute of the said state of New Jersey."

The demurrer only challenges the sufficiency of such allegation.  It will be seen:

"That this action is brought pursuant to the provisions and in accordance with the rights granted to the plaintiff by virtue of said statute of the state of New Jersey."

But there is no allegation showing what the provisions of such statute are, or that it is similar to our statute.  Indeed, there is nothing alleged which indicates that the statute relates to actions for negligence, save the title of the act, which is:

"An act to provide for the recovery of damages in cases where the death of a person is caused by a wrongful act, neglect or default."

But whether such title is part of the statute under the laws of New Jersey does not appear.  Where a right of action for negligence depends upon a statute of a foreign state, it can only be maintained in the courts of this state upon proof that the statute of the state in which the injury occurred gives the right of action and is similar to our own. Wooden v. Western New York & Pennsylvania R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803.  In order to entitle a plaintiff to make proof of such facts, it is necessary that they should be alleged.  In the case at bar it is nowhere alleged in the complaint that the statute of New Jersey referred to gives the plaintiff a right of action as for the negligence of the defendant which resulted in an accident in that state, or that the facts constituting the alleged negligence set forth in the complaint are actionable in the state of New Jersey.

It seems to be well settled that the mere statement in a complaint that a statute of a foreign state exists, giving its title and date of passage, is not a sufficient allegation to constitute a cause of action en-

forceable in the courts of this state. In the case of Rothschild v. Rio Grande Western R. R. Co., 59 Hun, 454, 13 N. Y. Supp. 361, it is said in the opinion:

"The demurrer is upon the grounds that the laws of Colorado and Utah are facts which must be pleaded, and that the bare allegation that under these laws the liabilities of the consolidating companies became attached to the defendant and enforceable against it is insufficient to constitute a cause of action. We think the demurrer was well founded. The allegation is not a statement of fact, but of a legal conclusion from undisclosed facts. It is, in effect, saying that under foreign laws, of which we know nothing, one person has become liable for another person's debts, and it differs in no substantial particular from an allegation, which has always been treated as a mere conclusion, that the defendant is indebted to the plaintiff. It is clear that the foreign law should have been pleaded. The law of a foreign state is a fact to be alleged and proved like any other fact. It is not necessary to plead the evidence of the fact, whether such evidence be embodied in the statutes of the foreign state or in the decisions of its courts. But the fact that a given proposition is the law must be stated, if such fact is essential to a recovery."

In the case of Barnes v. Wheaton, 80 Hun, 8, 29 N. Y. Supp. 830, the court said:

"A right of action against a stockholder for the debts of a corporation does not exist at common law, and a statute which imposes upon the stockholder personal liability for the corporate debts, as it is in derogation of the common law, must be strictly construed, and cannot be extended beyond its literal terms. Chase v. Lord, 77 N. Y. 1. A party seeking to maintain an action under a statute must state every fact requisite to a cause of action arising under it."

Many other cases to the same effect, decided by the courts of this and other states, might be cited in support of appellant's contention. But the citation of authority would seem to be unnecessary. It is incumbent upon the plaintiff to prove that the New Jersey statute, under which he alleges this action was brought, contains such provisions as will authorize the maintenance of this action in the courts of this state, notwithstanding the negligence of which he complains occurred in the state of New Jersey. It is also necessary for him to prove that under such statute the administrator is entitled to recover the damages sustained. In order to make such proof, it is necessary that the complaint should contain appropriate allegations of such fact. It wholly fails to contain such allegations, or any allegation to the effect that the damages resulting from the negligence alleged in the complaint are recoverable under the New Jersey statute.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to plead over within 20 days, upon payment of the costs of the demurrer and of this appeal.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to respondent to plead over within 20 days, upon payment of the costs of the demurrer and of this appeal. All concur.