### VENTRINIGLIA v. EICHNER.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. PLEADING (§ 218*)—DEMURRER TO COMPLAINT—TRIAL.

The trial of an issue of law raised by demurrer to a complaint can only be brought on for hearing by notice of trial, as provided by Code Civ. Proc. § 977.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 549; Dec. Dig. § 218.*]

2. PLEADING (§ 218*)—DEMURRER—MOTION FOR JUDGMENT.

Where, after defendant had demurred to the complaint for want of facts, plaintiff moved for judgment on the pleadings, but no notice of trial of the issue raised by the demurrer had been served, the court erred in sustaining the demurrer and denying the motion for judgment.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 218.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Maria J. Ventriniglia against David Eichner. From an order dismissing the complaint, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

G. Arnold Moses, for appellant.

Arthur Furber, for respondent.

McLAUGHLIN, J. This action was brought by an owner of certain real estate to compel the surrender and cancellation of a tax lease issued upon the property by the comptroller of the city of New York upon the ground that the same was a cloud upon her title. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and then the plaintiff moved for judgment on the pleadings.

The trial of the issue raised by the demurrer could only be brought on as provided in section 977 of the Code of Civil Procedure. Notwithstanding the fact that the defendant had not served the notice of trial provided in the section, or asked for any affirmative relief, the court, nevertheless, assumed to dispose of the plaintiff's motion as though it were the trial of the demurrer, and made an order denying the motion and sustaining the demurrer, and directed judgment for the defendant, dismissing the complaint, with costs, unless within 10 days plaintiff paid the costs and served an amended complaint. The only motion before the court was one made by plaintiff for judgment in her favor, and only that motion should have been decided.

Besides, it would seem, under Sanders v. Parshall, 67 Hun, 105, 22 N. Y. Supp. 20, affirmed 142 N. Y. 679, 37 N. E. 825, that the complaint does state a cause of action; but that question must be determined on a trial of the issues raised by the demurrer, and for that reason we do not at this time pass upon it.

The order appealed from, therefore, is reversed, with $10 costs and disbursements to the appellant, and the plaintiff's motion for judgment on the pleadings denied, with $10 costs to the defendant. All concur.

---

HALL v. KANE et al.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

1. WATERS AND WATER COURSES (§ 156*)—CONVEYANCES—TITLE OF GRANTOR.

    Where lands conveyed were not visibly subject to an easement for the use of water in favor of another tenement, and no reservation of such right was made in the deed, a subsequent conveyance of such right by the same grantor passed nothing.

    [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 156.*]

2. DEEDS (§ 84*)—RECORD—PLACE—STATUTES.

    The provision in Act April 16, 1801 (Laws 1801, c. 155), that deeds "shall and may be recorded" in the office of the Secretary of State, is not mandatory, but is merely permissive as to lands in Orange county, as shown

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes