(70 Misc. Rep. 126.)

ALDRICH v. NEWBURGH NEWS PRINTING & PUBLISHING CO.

(Supreme Court, Special Term, New York County.  December, 1910.)

COURTS (§ 99*)—DENIAL OF MOTION FOR JUDGMENT ON PLEADING—LAW OF THE CASE.

Where, upon motion by plaintiff for judgment upon the pleadings, the justice denied the motion on the ground that the complaint was insufficient, but did not dismiss it, such order binds the court upon the hearing before another justice of a demurrer to the same complaint on the ground that it does not state a cause of action.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

Action by Icillia Aldrich against the Newburgh News Printing & Publishing Company.  On demurrer to the complaint.  Demurrer sustained.

L. H. Newkirk, for plaintiff.

C. L. Waring, for defendant.

GREENBAUM, J.  This is a demurrer to the complaint in an action for libel, upon the ground that it fails to state facts sufficient to constitute a cause of action.  It appears, from a certified copy of an order presented, without objection, upon the hearing of the demurrer, that subsequently to the service of the demurrer the plaintiff moved at Special Term, Part 1, for judgment upon the pleadings now before the court.  The learned justice presiding at Special Term simply denied this motion upon the ground, recited in the order, that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the complaint was legally insufficient, and, following the practice outlined in Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966, refrained from dismissing the complaint. The consideration of the motion necessarily involved a determination as to the sufficiency of the complaint. The court, therefore, is now required to pass upon the practice question that has already been adjudicated between the parties in another part of this court.

Orderly practice would seem to require that an order or judgment, made in the same action, shall be binding upon the parties until set aside or reversed. I am somewhat embarrassed in my procedure in this case by reason of the opinion in Ventriniglia v. Eichner, supra. In that case the court below, upon a motion made under section 547 of the Code for judgment upon the pleadings, consisting of a complaint and a demurrer thereto for insufficiency, not only denied the motion, but sustained the demurrer and dismissed the complaint, because it failed to state a cause of action. The Appellate Division reversed the order of the lower court, and denied the motion for judgment. In the opinion of the Appellate Division it is stated that, even though the complaint be bad, it was improper upon such a motion to dismiss it; the court being restricted to a mere denial thereto. The opinion further states:

"Besides, it would seem, under Sanders v. Parshall, 67 Hun, 105 [22 N. Y. Supp. 20], affirmed 142 N. Y. 679 [37 N. E. 825], that the complaint does state a cause of action; but that question must be determined on a trial of the issues raised by the demurrer, and for that reason we do not at this time pass upon it."

The question upon a motion for a judgment upon pleadings, consisting of a complaint and a demurrer thereto for insufficiency, must necessarily involve the question as to whether the demurrer is well pleaded, and, therefore, whether the complaint stated a cause of action. It is difficult to understand why the court should not have deemed it necessary to pass upon the sufficiency of the complaint, and, without passing upon it, should have denied the motion. That portion of the opinion which referred to the impropriety of dismissing a bad complaint upon a motion for judgment upon the pleading is, of course, obiter dictum. It seems to me that a motion for judgment on the pleadings is analogous to a demurrer, and the practice therein should be assimilated to that recognized upon the hearing of a demurrer. If, upon a motion for judgment upon the pleadings under section 547, the court is limited to a naked denial of the motion, unlike the well-established practice on the trial of a demurrer, at a Special Term of the court or as a contested motion, pursuant to section 976 of the Code, where the court may search the record for the first fault in pleading and condemn it as defective in substance (People v. Booth, 32 N. Y. 397; Heath Dry Gas Co. v. Hurd, 124 App. Div. 68, 108 N. Y. Supp. 410), then, upon a denial of said motion, the parties may resort to a trial of the demurrer, as has been done here, and procure a second determination upon the question of the sufficiency of the complaint. It seems to me, in the condition in which this case comes to me, the proper practice would be to treat the complaint as insuffi-

cient in law, regardless of my own individual views with respect thereto.

I reach this conclusion, not only because I deem it an undesirable practice under the circumstances here appearing for one justice to review the conclusions of an associate justice of this court, but because the recognition of such a practice must result in defeating the salutary purposes of the recent Code amendments looking to a speedy and simple procedure for passing upon the sufficiency of pleadings. I am also of opinion that the determination of the court upon the motion is binding upon me, whether under the rule of res adjudicata (Dwight v. St. John, 25 N. Y. 203; Hirshbach v. Ketchum, 79 App. Div. 561, 563, 80 N. Y. Supp. 143), or under the doctrine of stare decisis. I think it proper to reiterate what was mentioned in People, etc., v. Bleecker St. & Fulton Ferry R. R. Co., 67 Misc. Rep. 582, 124 N. Y. Supp. 786, that a clearly expressed amendment, bringing into one section the evidently confusing provisions of the Code relating to the matter of testing the sufficiency of pleadings, would be welcome.

The demurrer must be sustained, with costs, but with leave to amend the complaint upon the payment of costs.

Demurrer sustained.