(70 Misc. Rep. 339.)

### ZEIKUS v. FLORIDA EAST COAST RY. CO.

(Supreme Court, Special Term, New York County.  January, 1911.)

1. DEATH (§ 35*)—ACTIONS UNDER LAWS OF ANOTHER STATE.

Where a right of action for death depends upon the statute of a foreign state, it can be maintained in New York only upon proof that the statute of the state in which the injury occurred gives the plaintiff a right of action similar to that which he would have in New York.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50;  Dec. Dig. § 35.*]

2. DEATH (§ 48*)—ACTIONS—PLEADING—COMPLAINT.

Where an administrator, suing for negligently causing the death of his intestate in another state, pleads the statute of that state only according to its legal effect, without referring to it by chapter and volume, and does not allege that a recovery by the administrator would be for the benefit of the next of kin to be distributed as provided by the law of the forum, nor that there are in fact any next of kin, it must be presumed on demurrer that any recovery would be for the benefit of the estate of decedent, which recovery is not permitted by Code Civ. Proc. §§ 1902, 1903, providing that recovery by the administrator in such cases shall be for the exclusive benefit of the husband, wife, or next of kin, and not for the benefit of the estate, so that action is not maintainable by reason of the dissimilarity in the statutes.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 63;  Dec. Dig. § 48.*]

3. PLEADING (§ 350*)—JUDGMENT ON PLEADING—NECESSITY OF MOTION.

Where a plaintiff's motion for judgment on the pleadings, under Code Civ. Proc. § 547, authorizing the court to give judgment on the pleadings for any party entitled thereto on motion at any time after issue joined, made after defendant had demurred, is denied, and defendant makes no cross-motion for such judgment, judgment for it cannot be given.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.*]

Action by Thomas Zeikus, as administrator of George Zeikus, against the Florida East Coast Railway Company.  A motion for judgment on the pleadings.  Denied.

See, also, 128 N. Y. Supp. 933.

Isaac V. Schavrien, for plaintiff.

George S. Scofield, for defendant.

PAGE, J.  This is a motion by the plaintiff for judgment on the pleadings pursuant to section 547 of the Code of Civil Procedure.

The action is brought by an administrator, appointed by the Surrogate's Court of New York County, to recover damages for the death of his intestate in the state of Florida, occasioned by the negligence of the defendant, a foreign corporation, organized and existing under and by virtue of the laws of the state of Florida.  The complaint first states the facts in regard to the death of the plaintiff's intestate while in the employ of the defendant and the allegations of the defendant's negligence, and then proceeds:

"(8) That the statutes and laws of the state of Florida provide, and at times hereinbefore referred to did provide, that, where a person is injured and died within said state by reason of the carelessness or negligence of another, and no action for damages is brought by the person so injured during

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his lifetime, an action for damages sustained by such injury and death might and could be brought by his widow or minor children, or, if none survive him, by any person dependent upon his support, and, if neither widow, minor child, nor person dependent upon his support survive him, then by the executor or administrator of his estate; and (9), upon information and belief, that the said George Zeikus did not leave him surviving any widow, child, or person dependent upon his support, and had brought no action to recover damages for the injuries sustained as aforesaid. (10) The appointment of plaintiff, a brother of deceased, administrator of his estate by the Surrogate's Court of New York County."

To this complaint the defendant demurs upon the grounds: ·First. That the court has not jurisdiction of the person of the defendant. Second. That the court has not jurisdiction of the subject of the action. And, third, that the complaint does not state facts sufficient to constitute a cause of action.

[1] It is well settled that:

"Where right of action for negligence depends upon a statute of a foreign state, it can only be maintained in the courts of this state upon proof that the statute of the state in which the injury occurred gives the right of action and is similar to our own. In order to entitle a plaintiff to make proof of such facts, it is necessary that they should be alleged." Howlan v. N. Y. & N. J. Tel. Co., 131 App. Div. 443, 445, 115 N. Y. Supp. 316, 317.

While it is not necessary that the two statutes should be identical in their terms, or precisely alike, it is sufficient if they are of similar import and character, founded upon the same principle, and possessing the same general attributes. Wooden v. Western N. Y. & P. R. R. Co., 126 N. Y. 10, 15, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803. In the case last cited an action was brought by the widow, for the benefit of herself and the children of the deceased, who were residents of this state, against a domestic corporation that operated a line of railways extending beyond our boundaries into the state of Pennsylvania, in which state the plaintiff's husband was killed by reason of the alleged negligence of the defendant. The court upheld the right of action in the plaintiff under the Pennsylvania statute (P. L. 1851, p. 674, § 19), upon the ground that, although under our statute the widow would not have a right of action, the action here brought by the administrator would be for the benefit of the same class of individuals.

[2] On a comparison of the Florida statute (Gen. St. 1906, §§ 3145, 3146), as set forth in the complaint, with our statute (Code Civ. Proc. §§ 1902, 1903), we find an important dissimilarity. The plaintiff has seen fit to set forth the Florida statute according to its legal effect and has not referred to the statute itself by chapter and volume, nor incorporated the terms of the statute in the complaint. Therefore it must be considered as he has alleged it. Our statute provides for the bringing of the action by the executor or administrator solely for the benefit of the decedent's husband, wife, or next of kin, and not for the benefit of his estate; while the Florida statute, as pleaded, gives a right of action to his widow or minor children or any person dependent upon his support, and, in default of such persons, then to the executor or administrator of his estate. It is not alleged that in the latter case the recovery would be for the benefit of his next of

kin to be distributed in the manner provided by our statute, nor is it shown by affirmative allegation that there are next of kin who would be entitled to the benefit. Hence it would appear that the administrator would recover for the benefit of the estate of the deceased; a right of action not given by our statute. This right is given for the benefit of an administrator in Florida, the avails to be distributed in accordance with the Florida statute, not to a New York administrator to be distributed in accordance with section 1903 of the Code of Civil Procedure of our state. In this case the defendant is a foreign corporation having no business in this state and over which our court has no jurisdiction. If the action should be tried here, on issues of fact, the witnesses would have to be brought from that state, which is quite remote, or the entire testimony would have to be taken by depositions; a class of cases of which the courts of this state have repeatedly declined to take jurisdiction. Pietraroia v. New Jersey & Hudson River R. & F. Co., 131 App. Div. 829, 832, 116 N. Y. Supp. 249, affirmed, 197 N. Y. 434, 91 N. E. 120. While this consideration may not be particularly pertinent to the decision of a motion of this character, it is a justification for not being astute to discover reasons for sustaining a complaint, where the allegations thereof do not show a cause of action clearly within our jurisdiction.

The motion, therefore, will be denied, with $10 costs.

[3] As the defendant did not make a cross-motion for judgment, I am unable to give it judgment on the demurrer. Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966.

I have expressed my reasons for the decision somewhat at length for the reason that, although the issue of law will have to be tried or a subsequent motion made on behalf of the defendant, the question will undoubtedly be treated as adjudicated by this decision. Aldrich v. Newburgh News Print. & Pub. Co., 70 Misc. Rep. 126, 128 N. Y. Supp. 51.

Ordered accordingly. ·