POSNER v. ROSENBERG et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

1. PLEADING (§ 244*)—AMENDMENT—PERMITTING AFTER APPEAL.

Where a court held that the liquidated damages provided for on a breach of an employment contract were not unconscionable, and that, in view of the provision for such damages, no recovery of a share of the profits provided for in the contract could be had, and also that a count of the complaint was technically bad as a count for liquidated damages, because it did not allege their nonpayment, such a count could not be good as declaring for the share of the proceeds, and where there was another count declaring on the liquidated damages, no amendment thereof was warranted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 652; Dec. Dig. § 244.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 193\*)—DEMURRER—SEEKING IMPROPER RELIEF.

Where necessary facts are pleaded, a pleading is not necessarily bad on demurrer because improper relief is sought.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.\*]

3. PLEADING (§ 350\*)—JUDGMENT ON PLEADING—NECESSITY OF CROSS-MOTION.

Where a plaintiff, in an action for breach of a contract, after a demurrer, on the ground that a count of the complaint did not state facts sufficient to constitute a cause of action, had been interposed, moved for judgment on the pleadings, under Code Civ. Proc. § 547, which authorizes the court to give such judgment on motion at any time after issue joined, judgment for the defendant could not be given on a refusal of the plaintiff's motion, in the absence of a cross-motion for judgment, and the issue of law raised by the demurrer can only be disposed of by trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.\*]

4. ACTION (§ 60\*)—SEVERANCE—SAME ISSUE.

Where to an action on an employment contract, for liquidated and unliquidated damages, the defendants counterclaimed that it was the plaintiff, rather than they, who breached the contract, the single issue is as to who was guilty of the breach, and as, if the two causes had been commenced separately, they could have been consolidated, under Code Civ. Proc. § 817, which provides that, where two or more actions in favor of the same plaintiff against the same defendant for causes of action which may be joined are pending in the same court, the court may, in its discretion, by order consolidate any or all of them into one action, a severance of the two causes, under authority of Code Civ. Proc. § 1220, was improperly granted.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 699–707; Dec. Dig. § 60.\*]

Appeal from Special Term, Westchester County.

Action by Sarah C. Posner against Max Rosenberg and another, copartners under the firm name of Max Rosenberg Company. From an order permitting the plaintiff to amend her complaint, and to proceed with each cause of action stated therein independently of the other cause of action, defendants appeal. Ordered reversed, and motion denied.

See, also, 149 App. Div. 272, 133 N. Y. Supp. 704.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Charles A. Brodek, of New York City, for appellants.

Charles Goldzier, of New York City (Gerald B. Rosenheim, of New York City, on the brief), for respondent.

BURR, J. Plaintiff and defendants entered into a contract, to begin on the 1st day of January, 1909, and to expire on the 31st day of December, 1911. Under its terms plaintiff was to render services to defendants as designer and superintendent of the dress and costume department of the business carried on by them. Her compensation was to be a stated salary of $100 per week, and in addition thereto a sum equal to 30 per cent. of the net profits made by defendants in said dress and costume department, which latter sums were to be ascertained semiannually and credited to plaintiff's account, but were

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not payable to her until the "end of the term" of said agreement and upon performance of its terms and conditions on her part. The contract also contained a clause which was as follows:

"It is further understood and agreed that, in the event of a breach of this contract by either party hereto, the party so breaching will pay to the other the sum of ten thousand ($10,000) dollars as and for their or her liquidated damages in the premises, and not as a penalty; but this provision of the agreement or the payment of such sum as liquidated damages shall not debar the nonbreaching party from applying for and obtaining such equitable relief as they or she might be entitled to, irrespective of such provision and such payment."

Before the expiration of the term of said contract plaintiff was discharged—as she claims, wrongfully; as defendants assert, for just cause. Thereafter she brought this action for a breach of the covenants contained in said contract, alleging one contract, to wit, that of employment, and one breach thereof, to wit, her wrongful discharge. Plaintiff sought, under the guise of stating in her complaint two separate causes of action, founded upon such contract and said breach, to recover both the liquidated damages provided for as above set forth, and also, as unliquidated damages, her proportionate part of the profits to which she might have become entitled, had the contract continued in force. As a first cause of action she attempted to state her claim for liquidated damages, and as a second cause of action her claim for unliquidated damages.

To the second cause of action defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Upon a motion made by plaintiff, which was treated as a motion, under section 547 of the Code of Civil Procedure, for judgment on the pleadings, we considered the sufficiency of that portion of the complaint, and concluded that it failed to state a cause of action, and reversed an order entered by the learned court at Special Term in plaintiff's favor. Posner v..Rosenberg, 149 App. Div. 272, 133 N. Y. Supp. 704. After such decision plaintiff moved to amend her complaint, by including in that portion thereof denominated as a second cause of action an allegation as follows:

"Tenth. That the plaintiff received no part of the said net profits, except the sum of about $9,133.25, and the defendants have not paid the plaintiff the $10,000 liquidated damages as provided in said contract, or any part thereof, although the same was demanded prior to the commencement of this action."

In the same motion she asked as further relief that an order should be made severing the first and second causes of action attempted to be stated in her complaint. The motion was granted in its entirety, and by the terms of the order plaintiff is not only allowed to amend her complaint, but is permitted "to proceed with each cause of action independently of the other cause of action."

[1] Upon this appeal we shall first consider so much of the order as allows an amendment to the complaint. Upon the previous appeal we concluded that the plaintiff failed to state a "second cause of action" by reason of two defects, one technical in character and the other substantive. We then said "that for a breach of the contract

plaintiff's entire compensation must be limited to the sum named as liquidated damages," and pointed out that the provisions of the contract in respect thereto were peculiarly applicable to that portion of the contract relating to profits. Posner v. Rosenberg, supra.

[2] If, however, necessary facts are alleged, a pleading is not necessarily bad on demurrer because inappropriate relief is sought. In that connection we pointed out that the portion of the complaint now under consideration could not be "construed as an action to recover the sum named as liquidated damages, for there is no allegation of the nonpayment thereof." By her proposed amendment plaintiff seeks to overcome the technical objection only. She finds herself in this dilemma: Unless with this proposed amendment plaintiff seeks in her second cause of action to recover only liquidated damages for breach of the contract, and to abandon her claim for profits in addition thereto, her complaint is still defective for the substantive reason hereinbefore stated. If that is her purpose, then the amendment is unnecessary, for she has in her first cause of action attempted to allege a breach, with her consequent right to such damages. Her second cause of action becomes, then, in legal effect, a repetition of the first cause of action, and is unnecessary. We think, therefore, that the motion to amend should have been denied.

We think, also, that the motion for severance was improperly granted. Plaintiff seeks statutory authority for such relief in the provisions of the Code of Civil Procedure, § 1220, which is as follows:

"Where an issue of law and an issue of fact arise, with respect to different causes of action, set forth in the complaint, and final judgment can be taken, with respect to one or more of the causes of action, without prejudice to either party in maintaining the action, or a defense or counterclaim, with respect to the other causes of action, or in the recovery of final judgment upon the whole issue, the court may, in its discretion, and at any stage of the action, direct that the action be divided into two or more actions, as the case requires."

[3] She contends that, notwithstanding her motion for judgment on the pleadings was denied, in the absence of a counter motion on the defendants' part the demurrer still stands, and thereby an issue of law is raised, which can only be disposed of by trial. In this she is correct. Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966; Zeikus v. Florida East Coast R. Co., 70 Misc. Rep. 339, 128 N. Y. Supp. 931, affirmed 144 App. Div. 91, 128 N. Y. Supp. 933. If our former decision is correct, plaintiff has but one cause of action.

[4] But if it should be ultimately determined that we were wrong, and that plaintiff has two causes of action, one for liquidated damages, and the other for unliquidated damages by way of profits, we still think that in the exercise of wise discretion the causes of action should not be severed. The question lying at the foundation of the rights of the respective parties is: Who was guilty of the breach of the contract? Plaintiff asserts that it was the defendants, and asks to recover the damages resulting therefrom. Defendants contend that it was the plaintiff, and seek to recover from her by way of counterclaim their resulting damages. It is in the interests of justice, from

the standpoint both of the courts and the litigants, that the entire contention of the parties should be asserted and disposed of in a single action, where all of the evidence relating to claim and counterclaim may be fully presented. Under the circumstances here disclosed, if plaintiff had originally begun two separate actions, one for liquidated and the other for unliquidated damages, since both were for breaches of the same contract and must be sustained by precisely the same evidence, except as to the amount of damages, these actions would have been properly consolidated. Code of Civil Procedure, § 817; Dunning v. Bank of Auburn, 19 Wend. 23; Bendernagle v. Cocks, 19 Wend. 207; Wilkinson v. Johnson, 4 Hill, 46; Goepel v. Robinson Machine Co., 118 App. Div. 160, 103 N. Y. Supp. 5; Curley v. F. & M. Schaefer Brewing Co., 35 Misc. Rep. 131, 71 N. Y. Supp. 318; Reformed Prot. Dutch Church v. Brown, 54 Barb. 191; Jex v. Jacob, 19 Hun, 105. In Miller v. Baillard, 124 App. Div. 555, 108 N. Y. Supp. 973, this court said:

"The purpose of this statute was to prevent a plaintiff from harassing a defendant by prosecuting different suits for causes of action which could be joined."

Except to unnecessarily harass the defendants, it is difficult to see what advantage would accrue to the plaintiff by prosecuting her actions separately. In Dunning v. Bank of Auburn, supra, the court said:

"When the defendant moves to consolidate two or more actions between the same parties, he should show that the causes of action are such as may be joined in the same declaration, and that the questions which will arise in both of the actions are substantially the same. The affidavit should state, either that no defense is intended, or that the defense will be substantially the same in both. If these matters are not controverted by the plaintiff, and it does not appear that he will suffer any great delay, or other prejudice, the motion will be granted."

Each of the conditions there referred to exist in this case. Plaintiff should not be permitted to do by indirection what she may not do directly. She cannot be allowed to sever two causes of action contained in one complaint, which, if made originally the subject of two actions, would have been consolidated, upon proper application therefor.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.