## LOBSITZ v. E. LISSBERGER CO.

(Supreme Court, Special Term, New York County.  April 13, 1915.)

1. PLEADING ⬤═350—MOTION FOR JUDGMENT—PRACTICE.

When defendant demurs to the complaint, and plaintiff moves for judgment on the pleadings, the proper practice is for defendant to serve a counter notice, returnable at the same time, stating that the issue of law raised by the demurrer will be brought on as a contested motion, and, if the complaint is insufficient, it may be dismissed, and leave granted to amend upon terms, in the discretion of the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070-1077;  Dec. Dig. ⬤═350.]

2. PLEADING ⬤═350—MOTION FOR JUDGMENT—FAILURE TO SERVE NOTICE.

Where defendant demurs to the complaint, and plaintiff moves for judgment on the pleadings, defendant's failure to serve a counter notice that the issue of law raised by his demurrer will be brought on as a contested motion does not necessarily preclude the court from dismissing the complaint, if insufficient, in view of the amendments of 1911 (Laws 1911, c. 763), Code Civ. Proc. § 768, defining a motion as an application for an order, etc.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070-1077;  Dec. Dig. ⬤═350.]

Action by one Lobsitz against E. Lissberger Company.  On plaintiff's motion for judgment on the pleadings.  Complaint ordered dismissed on defendant's demurrer.

Order reversed 168 App. Div. 840, 154 N. Y. Supp. 556.

William O. Gennert, of New York City, for plaintiff.

Nathaniel A. Elsbery, of New York City, for defendant.

SHEARN, J.  [1] When the defendant has demurred to the complaint, and the plaintiff moves for judgment on the pleadings, the proper practice is for the defendant to serve a counter notice, returnable at the same time, stating that the issue of law raised by the demurrer will be brought on for trial as a contested motion.  In such case, if the complaint is insufficient, it may be dismissed, and, in the discretion of the court, leave granted to amend upon terms.

[2] The failure of the defendant to serve such a counter notice does not necessarily preclude the court from dismissing the complaint. When the only issue upon such a motion is the sufficiency of the complaint, and when both parties appear and contest that issue with argument and briefs, the one maintaining that the complaint is sufficient and the other maintaining that it is insufficient, there is no sense in confining the decision to a mere denial of plaintiff's motion for judgment, when the complaint fails to state a cause of action.  Such a course serves only to multiply unnecessary motions and trials, and is out of

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

harmony with the liberalizing amendments of section 768 of the Code. The case of Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966, to the contrary, was decided prior to the amendments of section 768, made in 1911. In the cases that followed the Ventriniglia Case it does not appear that the attention of the court was directed to the newer practice in accord with the liberalizing amendments intended to do away with unnecessary circumlocution and meaningless technicalities in practice.

Order settled accordingly.