MANHATTAN & J. RY. CO. v. BRADY et al.

(Supreme Court, Appellate Division, Second Department.   November 19, 1915.)

PLEADING ☞350—JUDGMENT ON PLEADING—DEMURRER—CROSS-MOTION.

 Where plaintiff, after issue joined by demurrer to complaint, moved for judgment on the pleadings, which was denied, the demurrer, in the absence of a counter motion, remained and raised an issue of law, which could only be disposed of by trial, unless plaintiff gave notice that the issues on the demurrer would be brought on for trial at the hearing of the motion for judgment, in which case the court could pass on the demurrer.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. ☞350.]

Appeal from Special Term, Queens County.

Action by the Manhattan & Jamaica Railway Company against Paul T. Brady and others.  From an order denying plaintiff's motion for judgment on the pleadings, it appeals.  Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

Robert H. Elder, of New York City (Otho S. Bowling, of New York City, on the brief), for appellant.

Robert S. Sloan, of New York City, for respondents.

PER CURIAM.  The plaintiff appeals from an order of the Special Term that denies its motion for judgment on the pleadings, made after the defendant Manhattan & Queens Traction Corporation had joined issue by a demurrer to the complaint, based upon subdivisions 2, 3, 4, 5, 7, and 8 of section 488 of the Code of Civil Procedure.  The learned Special Term was of opinion that there are certain defects in the complaint which required denial of the motion, adding:

 "Upon the argument of the demurrer all defects may be pointed out and permission given to amend, but this motion has no such purpose in view."

The defects specified in the opinion of the Special Term, or at least some of them, are in our opinion grave enough to justify an affirmance of the order.  In Posner v. Rosenberg, 153 App. Div. 249, 137 N. Y. Supp. 1084, we decided when the plaintiff had moved for judgment on the pleadings, which was denied, that in the absence of a counter motion on the defendant's part the demurrer still stood, and thereby an issue of law was raised which could only be disposed of by trial—citing Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966; Zeikus v. Florida East Coast Ry. Co., 70 Misc. Rep. 339, 128 N. Y. Supp. 931, affirmed 144 App. Div. 91, 128 N. Y. Supp. 933.  Ventriniglia's Case, supra, was also approved by us in Jamaica Water Supply Co. v. Hill, 157 App. Div. 894, 142 N. Y. Supp. 1124.

We have concluded, therefore, not to discuss the merits of the decision at Special Term.  And, inasmuch as upon this appeal we could not afford any affirmative relief to the respondent upon its demurrer, there is no reason why now we should discuss the merits thereof.  The trial of the demurrer will afford a full hearing upon the pleadings.  The

plaintiff could have avoided the burden of such an additional hearing by procedure indicated in Schwartz v. Williams, 153 App. Div. 302, 137. N. Y. Supp. 1048.

The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows:

Order affirmed, with $10 costs and disbursements.   All concur.