RIESER v. L. PRAGER, Inc.

(Supreme Court, Appellate Term, First Department.   January 14, 1916.)

1. PLEADING ⬉350—JUDGMENT ON DEMURRER.

Where plaintiff moved for judgment on the pleadings, under Code Civ. Proc. § 547, but the court sustained defendant's demurrer to the complaint, defendant having served no cross-notice of motion for judgment, the court could not award judgment for defendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. ⬉350.]

2. COURTS ⬉99—PREVIOUS DECISIONS IN SAME CASE—CONCLUSIVENESS.

Where, on plaintiff's motion for judgment on the pleadings, under Code Civ. Proc. § 547, the court sustained defendant's demurrer to the complaint, such decision, unappealed from and not overruled, was binding on the justices of the same court, when defendant brought the same complaint and demurrer on for argument as a trial of an issue of law, and an interlocutory judgment overruling the demurrer with leave to answer was improper, since the same question, the sufficiency of the complaint, was the only question involved in both cases.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. ⬉99.]

Appeal from City Court of New York, Special Term.

Action by Ely J. Rieser, doing business under the trade name of Ely J. Rieser & Co., against L. Prager, Incorporated. From an interlocutory judgment overruling defendant's demurrer, it appeals. Judgment reversed, and demurrer sustained.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Wise & Lichtenstein, of New York City (Henry M. Wise and Louis E. Swarts, both of New York City, of counsel), for appellant.

I. Gainsburg, of New York City, for respondent.

GAVEGAN, J. [1] The action is on a written guaranty. The complaint and demurrer were first before the court below on plaintiff's motion for judgment on the pleadings under section 547 of the Code. The court on said motion sustained the demurrer, but was without power to award judgment for defendant; no cross-notice of motion having been served. Zeikus v. Florida East Coast R. R., 70 Misc. Rep. 339, at page 342, 128 N. Y. Supp. 931; Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966.

Subsequently defendant brought the same complaint and demurrer on for argument as a trial of an issue of law (Ventriniglia v. Eichner, supra), which trial resulted in the overruling of the demurrer, with costs, and with leave to defendant to withdraw the demurrer and answer on payment of said costs. From the interlocutory judgment entered on this decision defendant now appeals to this court.

[2] We are of the opinion that the decision of the learned judge on the first motion for judgment on the pleadings, which was never overruled or appealed from, was binding on the justices of the same court. The only question raised by the trial of the issue of law resulting in the decision and interlocutory judgment appealed from was the sufficiency of the complaint, which very question was also raised and passed upon on the first motion for judgment on the pleadings Aldrich v. Newburgh News Printing Co., 70 Misc. Rep. 126, 128 N. Y. Supp. 51; Lobsitz v. Lissberger, 157 N. Y. Supp. 117.

It follows that the interlocutory judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint within six days on payment of costs. All concur.