ENDURANCE HOLDING CORPORATION, Appellant, v. KRAMER SURGICAL STORES, INC., and Others, Respondents, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK, Defendant.

First Department, January 10, 1930.

*Julius Silver* of counsel [*Harry C. Kane* with him on the brief; *Silver & Hennock*, attorneys], for the appellant.

*Louis Fieldman*, for the respondents.

MARTIN, J. The plaintiff brought this action to foreclose a mortgage of $15,000 covering the leasehold of a store, basement space and apartments directly above the store in the premises known as No. 4001 Broadway in the city of New York.

The mortgage contained a provision that at the option of the mortgagee, the whole of the principal sum should become due upon a default in the payment of any installment of principal or of interest for five days. A complaint and *lis pendens* were filed on May 9, 1929, and the summons and complaint were served on the defendants on May 13, 1929. The defendants then moved for an order dismissing the complaint on the ground that the default was due to inadvertency. On May 20, 1929, the application was denied. On June 3, 1929, the defendants served their answer. It consisted of denials and two affimative defenses but admitted the execution of the bond and mortgage and the default of the defendants.

The first defense appealed to the equitable powers of the court to relieve the defendants of their admitted default because it had been inadvertent and had been caused by the receipt of erroneous information as to the due date of the installments. The second defense set up usury.

The plaintiff moved to strike out the affirmative defenses, or for judgment on the pleadings. The plaintiff's motion was granted but gave the defendants twenty days to serve an amended answer. On June 27, 1929, a motion was granted appointing a receiver of the rents, issues and profits of the premises. On July 11, 1929, the court denied the defendant's motion for an order vacating the order

appointing the receiver. On July 13, 1929, the defendants served their amended answer which contained denials and set up two affirmative defenses similar to those found in the original answer. On July 25, 1929, the court struck out the second affirmative defense but denied the plaintiff's motion to strike out the defense which set up the inadvertent default as a bar to the plaintiff's action.

In the amended answer the affirmative defense that was sustained was labeled a counterclaim to which the plaintiff failed to reply. The defendant's motion for a default judgment on the counterclaim was granted on August 21, 1929, with leave to the plaintiff to serve a reply within ten days. A reply was served on August 29, 1929.

The plaintiff then made a second motion for judgment on the pleadings. This motion was argued on September 11, 1929, and the court held that the decision and order on the prior motion was binding and that the plaintiff's relief was by way of appeal or a motion for a reargument.

The appellant contends that the court was in error in holding that the denial of a prior motion addressed to the sufficiency of the amended answer was controlling on a motion subsequently made for judgment on the pleadings after a reply had been interposed by the plaintiff to a counterclaim set forth in the defendants' amended answer.

The plaintiff having submitted the question of the sufficiency of the answer to the court on the first motion, and the answer having been held sufficient, the remedy of the plaintiff was by appeal.

The second motion, argued on September 11, 1929, was properly denied on the ground that the subject of that motion was before the court on a prior motion. The court having passed upon the sufficiency of the answer, another justice would not be justified in reviewing and overruling that decision.

In *Barber* v. *Rowe* (200 App. Div. 290) the Appellate Division in the Third Department held that where no appeal was taken from an order overruling a demurrer, that order was the law of the the case on all questions and was conclusive; that it could not be reviewed by another justice and stood as if affirmed. The courts have repeatedly held that one justice at Special Term may not review and set aside an order made by another justice. (*Aldrich* v. *Newburgh News Printing & Pub. Co.*, 70 Misc. 126; *Kidder* v. *Hesselman*, 119 id. 410; *Rieser* v. *Prager, Inc.*, 157 N. Y. Supp. 118; *Rawll* v. *Baker-Vawter Co.*, 167 id. 931.)

The appellant says that in any event the judgment should have been granted as against two defendants because their answer admitted the default and they were liable as sureties.

If the defendant was not in default, there cannot be a default judgment against the sureties because of a default in payment.

The order should be affirmed, with ten dollars costs and disbursemets.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.