WILLIAM E. RUTH, Plaintiff, *v.* JAMES E. HIGGINS, as Commissioner of Police of the City of Buffalo, New York, Defendant.

Supreme Court, Erie County, March 4, 1938.

*William E. Barrett,* for the plaintiff.

*David Diamond, Corporation Counsel* [*Bart J. Shanahan* of counsel], for the defendant.

HARRIS, J. This is an action in replevin. The parties herein have stipulated to try all the issues before the court without a jury. (Rules of Supreme Court, Eighth Judicial District, Erie County, rule 10.) They have further stipulated that the court may gather the facts from the pleadings. Such facts are as follows: The plaintiff was under indictment, and in the course of the proceedings on such indictment the district attorney of Erie county made an application for a search warrant, which warrant was issued. The object of the search was to develop the location of certain gambling apparatus. The apparatus was located at a warehouse in the city of Buffalo, which warehouse was within one mile of a State armory where a drill of troops was taking place at the time of the discovery of the apparatus. (Penal Law, § 971.) Subsequent to the seizure of the apparatus, the plaintiff herein came into the Supreme Court at Special Term on a motion demanding an order requiring the defendant herein to deliver such apparatus to him. The matter was argued. An order was made denying the motion for the return of the apparatus, which order further provided for the destruction of such apparatus. An appeal was taken from the order of Special Term to the Appellate Division, Fourth Department. Such appeal was dismissed on the ground that the order of the Special Term was not appealable. (Order dated March 9, 1937, entered March 10, 1937.)

In the action at bar the plaintiff contends that the order at Special Term hereinbefore referred to had no basis in law and is void. The defendant contends that such Special Term order is valid and is *res adjudicata* on the merits of this action at bar.

If such order at Special Term is *res adjudicata* on the merits of this action, then this court has no power to declare the Special Term order void. (*Endurance Holding Corp.* v. *Kramer Surgical Stores, Inc.,* 227 App. Div. 582; *Barber* v. *Rowe,* 200 id. 290; *Williams* v. *Barkley,* 165 N. Y. 48; *Rudd* v. *Cornell,* 171 id. 114.) In the proceeding at Special Term the plaintiff herein appeared and the question of his claim to the right to possess the articles was the only subject of contention before the court. In view of this, this

court is of the opinion that the disposition of the motion at Special Term is *res adjudicata* on the merits of this action and this court may not again pass upon such merits. For such reason, the complaint herein is dismissed.