### SCHWARTZ v. WILLIAMS et al.

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT—DEMURRERS.

    Though, upon a motion for judgment on the pleadings, the court may not dispose of a demurrer to the complaint, yet where plaintiff is the moving party, and gives notice of such motion, and that the issues of law upon the complaint and demurrer will be brought on for trial, the court may pass on the issues raised by the demurrer, although the defendant has made no cross-motion for judgment on the pleadings.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. PLEADING (§ 225*)—DEMURRERS—PLEADING OVER—CONDITIONS.

Where the court sustains demurrers to plaintiff's pleading, it may name the conditions on which the plaintiff may plead over.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 575–583; Dec. Dig. § 225.*]

Appeal from Special Term, Richmond County.

Action by Michael I. Schwartz against Herbert E. Williams and others. From an order denying a motion by plaintiff on the pleadings, and sustaining demurrers interposed by the defendants, the plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Max Schleimer, of New York City, for appellant.
L. B. Boudin, of New York City, for respondents.

WOODWARD, J. Two separate and distinct causes of action are set forth in the complaint, and the defendants have interposed demurrers to the second cause of action. The learned court at Special Term has sustained the demurrer to the second cause of action, on the ground that it does not state facts sufficient to constitute a cause of action, and the reasons therefor, which seem to us entirely sufficient, are given in a memorandum handed down by the court.

[1] It is urged, however, upon the authority of Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966, that the court had no authority to sustain the demurrers, because the defendants made no cross-motion for judgment in their favor. It is probably true that upon a motion for judgment on the pleadings the court is not authorized to dispose of a demurrer to the complaint; and this case would come within the rule, were it not for the fact that the plaintiff was the moving party. The plaintiff, after the demurrers had been interposed to the second cause of action, gave notice:

"That the issues of law herein will be brought on for trial on the complaint herein, verified February 13, 1912, the Exhibit A attached thereto, and the demurrers of the defendants Herbert E. Williams and Argus Realty Company interposed herein to the second cause of action set forth in the complaint herein; and I, the undersigned, will move this court at a Special Term, * * * on May 6th, * * * for judgment on the pleadings in favor of the plaintiff and against the defendants * * * on the second cause of action," etc.

Under these circumstances the plaintiff cannot be heard to urge upon this appeal that the court was without authority to pass upon the issues of law raised by the demurrers, merely because at the same time the court disposed of the plaintiff's motion for judgment upon the pleadings.

[2] We think the court had the authority to name the conditions on which it would permit the plaintiff to plead over, and that the imposition of $20 in this case was proper.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes