man v. Emott, 4 Barb. 626, 649; Smith v. Howlett, 29 App. Div. 182, 51 N. Y. Supp. 910.

It does not appear to be seriously contended that the trustee had a right to deal with the trust fund in the manner which it is agreed was done, but it is urged that the life tenant has ratified the action of the trustee, or has been estopped by a former decree. It appears that in 1893 the trustee made a report to her, in which appears this entry: "February 1, 1893, L. I. L. & T. Co., T. Donohue Mtge. No. 3, $7,800." Just how this was calculated to give the life tenant notice of the state of facts which is now developed it is difficult to understand, and we are clearly of the opinion that it did not serve any such purpose. Where ratification on the part of a cestui que trust is set up, it must appear not only that the cestui que trust knew all of the facts, but that she had been informed of her rights under the law; that she had been told of the disposition which a court of equity would make under the known facts. Smith v. Howlett, 29 App. Div. 190, 51 N. Y. Supp. 910, citing Adair v. Brimmer, 74 N. Y. 539, 554. There was no ratification on the part of the life tenant, and we are persuaded likewise that the decree of June 21, 1898, is not a bar to this appeal.

The trustee accounted in 1898, but none of the questions here raised was put in issue in that proceeding, and the decree on that accounting discharged the trustee only as to the assets directed to be distributed thereunder and the amount of the trust estate. As the trustee claims this decree to have worked an estoppel, the burden of proof is upon the trustee to show clearly that the question in issue in this case was litigated and determined in the former action (Rudd v. Cornell, 171 N. Y. 114, 127, 63 N. E. 823, and authority there cited), and, having failed to show this, the life tenant is not estopped to assert her rights at this time. Nor is the position of the trustee changed by the fact that the life tenant made a motion in May, 1903, to open the decree of August, 1898, in which the matters here involved were set up as a reason for opening the former decree. The opening of the former decree rested in the discretion of the learned surrogate, and, as the former decree did not attempt to settle any of the questions which were urged on this motion, the denial of the motion did not affect any substantial right of the life tenant, and under well-established rules it could not work an estoppel on this accounting. Dutton v. Smith, 10 App. Div. 566, 42 N. Y. Supp. 80.

The decree should be reversed, and the life tenant should be given the relief demanded. All concur, except JENKS, J., taking no part.

---

(91 App. Div. 583.)

STRAUSS v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. March 15, 1904.)

1. DEATH BY WRONGFUL ACT—INJURY IN FOREIGN STATE—SIMILARITY OF STATUTES.

Gen. St. Conn. 1887, tit. 18, c. 73, § 1008, providing that actions for injuries to the person, resulting in death, shall survive to the executor or administrator, is sufficiently similar to Code Civ. Proc. § 1902, conferring upon the executor or administrator the right to maintain a suit for wrong-

fully causing the death of decedent, that an action may be maintained in
New York for the death of a person caused by injuries received in Con-
necticut.

2. SAME—RAILROADS—DEFECTIVE CAR OF ANOTHER COMPANY.

A railroad company is liable for the death of an employé from injuries
caused by the defective condition of cars in its use, but belonging to
another corporation.

3. MASTER AND SERVANT—CONCURRENT NEGLIGENCE OF FELLOW SERVANT.

Where a master is negligent, the fact that an injury to a servant was
partly due to the negligence of a fellow servant does not bar a recovery
against the master.

Appeal from Special Term, Dutchess County.

Action by Iona Strauss, as administratrix of John Strauss, deceased,
against the New York, New Haven & Hartford Railroad Company.
From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

William H. Wood, for appellant.

Walter C. Anthony, for respondent.

WILLARD BARTLETT, J. The plaintiff's intestate, a brakeman
in the employ of the defendant, was killed while at work upon one of
its trains in the state of Connecticut. His death occurred while the
person in charge of the train was endeavoring to couple two freight
cars belonging to the Baltimore & Ohio Railroad Company. The
brake at which the deceased was stationed was at the end of one of
these cars, so that he had to stand between the cars to operate it.
Along the top of each car was a running board. These boards pro-
jected over the roofs of the cars, so that when they came together
there was a space of but four inches between the ends of the boards.
The plaintiff's intestate was caught between these ends as the cars
came together, and sustained injuries, from the effects of which he
died.

The complaint was dismissed at the close of the plaintiff's case upon
three grounds: (1) Because the statute of Connecticut permitting a
recovery for negligently causing the death of a person was deemed to
be essentially different from the statute on the same subject in this
state; (2) because the proof was regarded as insufficient to charge the
defendant with negligence; and (3) because the evidence showed that
the cars came together at the rate of six or seven miles an hour, indicat-
ing negligence on the part of the operator of the train, a fellow servant
of the deceased.

The dismissal of the complaint cannot be sustained on any of these
grounds. It is true that the Connecticut statute set out in the record
is not exactly like ours. It provides that actions for injury to the per-
son, whether the same do or do not instantaneously or otherwise result
in death, shall survive to the executor or administrator of the person
killed. Section 1008, Gen. St. Conn. 1887, tit. 18, c. 73. Our statute,
on the other hand, confers upon the executor or administrator a right
to maintain a suit for wrongfully or negligently causing the death of

¶ 2. See Master and Servant, vol. 34, Cent. Dig. §§ 195, 236.

the decedent, without the use of any language indicating that the cause of action is a survival of that which the injured party might have had if the injury had not been fatal. Code Civ. Proc. § 1902. This difference, however, does not prevent the case from falling within the doctrine of Wooden v. W. N. Y. & P. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803, to the effect that an action for an injury to the person in another state, dependent upon a statute, may be maintained here on proof that the statute of the state in which the injury occurred is similar to our own. In Leonard v. Columbia Steam Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491, the plaintiff's intestate was killed by a boiler explosion in Connecticut, and the Connecticut statute in force at the time of the accident there under consideration appears to have been essentially the same as it is now, in respect to the maintenance of an action for negligently causing death. The Court of Appeals there held that it was not necessary that the statutes should be precisely alike; saying, per Miller, J.:

"The statute in this state is certainly of the same nature, and the similarity is such as to authorize the conclusion that it is founded upon the same principle and possesses the same general attributes, as the statutes of Connecticut which have been cited. The same remedy was to be accomplished, and an examination of the different provisions evinces an agreement in both of the statutes as to their main features, and that they are substantially alike and to the same effect as to the survivorship of the action. In fact, when there are similar statutes, instead of the common law, the right to recover damages stands precisely the same as if the common law in both states relating to the subject prevailed."

Upon the sufficiency of the proof to make out a prima facie case of negligence against the defendant, notwithstanding the fact that the cars, the use of which occasioned the accident, belonged to another corporation, it is necessary only to cite Gottlieb v. N. Y., L. E. & W. R. Co., 100 N. Y. 462, 3 N. E. 344.

The proposition that the defendant is absolved from liability because the person in charge of the train operated it carelessly, by allowing the cars to come together when moving at too rapid a rate, ignores the rule that, where the proof establishes negligence on the part of the master, the fact that the injury was partly due to the negligence of a fellow servant does not bar a recovery against the master. Ellis v. N. Y., L. E. & W. R. Co., 95 N. Y. 546; Stringham v. Stewart, 100 N. Y. 516, 3 N. E. 575.

I think there was enough evidence to take this case to the jury, and that it was error to dismiss the complaint.

Judgment reversed and new trial granted; costs to abide the event. All concur.