kin to be distributed in the manner provided by our statute, nor is it shown by affirmative allegation that there are next of kin who would be entitled to the benefit. Hence it would appear that the administrator would recover for the benefit of the estate of the deceased; a right of action not given by our statute. This right is given for the benefit of an administrator in Florida, the avails to be distributed in accordance with the Florida statute, not to a New York administrator to be distributed in accordance with section 1903 of the Code of Civil Procedure of our state. In this case the defendant is a foreign corporation having no business in this state and over which our court has no jurisdiction. If the action should be tried here, on issues of fact, the witnesses would have to be brought from that state, which is quite remote, or the entire testimony would have to be taken by depositions; a class of cases of which the courts of this state have repeatedly declined to take jurisdiction. Pietraroia v. New Jersey & Hudson River R. & F. Co., 131 App. Div. 829, 832, 116 N. Y. Supp. 249, affirmed, 197 N. Y. 434, 91 N. E. 120. While this consideration may not be particularly pertinent to the decision of a motion of this character, it is a justification for not being astute to discover reasons for sustaining a complaint, where the allegations thereof do not show a cause of action clearly within our jurisdiction.

The motion, therefore, will be denied, with $10 costs.

[3] As the defendant did not make a cross-motion for judgment, I am unable to give it judgment on the demurrer. Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966.

I have expressed my reasons for the decision somewhat at length for the reason that, although the issue of law will have to be tried or a subsequent motion made on behalf of the defendant, the question will undoubtedly be treated as adjudicated by this decision. Aldrich v. Newburgh News Print. & Pub. Co., 70 Misc. Rep. 126, 128 N. Y. Supp. 51.

Ordered accordingly.

---

ZEIKUS v. FLORIDA EAST COAST RY. CO.

(Supreme Court, Appellate Division, First Department.    April 7, 1911)

1. DEATH (§ 35*)—ACTION—JURISDICTION—LAWS OF OTHER STATE.

An action for death negligently inflicted in a sister state can only be maintained in New York on proof that the statute of the sister state gives a right of action and is similar to the New York statute.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*]

2. DEATH (§ 35*)—ACTION FOR NEGLIGENT DEATH—JURISDICTION.

Where an administrator appointed by the courts of New York, suing a foreign corporation for the negligent death of his intestate in a sister state, alleged that the statute of the sister state gave a cause of action to the administrator on decedent not leaving surviving a widow, minor children, or a person dependent on his support, but did not show for whose benefit the action was prosecuted, the court might, in its discretion, decline jurisdiction in view of Code Civ. Proc. § 1902, giving a cause of action to the administrator for the benefit of the surviving

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

husband, wife, or next of kin, notwithstanding section 1780, providing that an action may be maintained by a resident against a foreign corporation for any cause of action.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*]

3. COURTS (§ 95*)—CONSTRUCTION—WHAT LAW GOVERNS.
The construction of the statutes of a state must be governed by the decisions of its courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 322, 323; Dec. Dig. § 95;* Statutes, Cent. Dig. § 256.]

4. DEATH (§ 35*)—ACTION FOR NEGLIGENT DEATH—JURISDICTION.
The court should decline to take jurisdiction of an action for negligent death in a ·sister state, unless the action is prosecuted for the benefit of citizens of New York or by a resident administrator properly appointed for the benefit of nonresidents, provided a cause of action would have accrued in New York if the injury had occurred there.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*]

Appeal from Special Term, New York County.

Action by Thomas Zeikus, administrator of George Zeikus, deceased, against the Florida East Coast Railway Company. From an order (128 N. Y. Supp. 931) denying a motion for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before INGRAHAM,· P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles Goldzier, for appellant.
George S. Scofield, for respondent.

MILLER, J. The defendant demurred to the complaint on the grounds that the court had no jurisdiction, and that the complaint did not state facts sufficient to constitute a cause of action. The action is brought to recover for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence in the state of Florida. The plaintiff is a brother of the deceased, resides in this state, and was appointed administrator by the Surrogate's Court of the county of New York. The only averment with regard to the Florida statute (Gen. St. 1906, §§ 3145, 3146) is:

"That the statutes and laws of he state of Florida provide, and at the times hereinbefore referred to did provide, that where a person is injured and died within said state by reason of the carelessness or negligence of another, and no action for damage is brought by the person so injured during his lifetime, an action for damages sustained by such injury and death might and could be brought by his widow or minor children, or, if none survived him, by any person dependent upon his support; and if neither widow, minor child, or person dependent upon his support survived him, then by the executor or administrator of his estate."

It is averred that the decedent did not leave him surviving any widow, child, or person dependent upon his support.

[1] It appears to be regarded by the courts of this state as settled law that an action like this can only be maintained in this state upon proof that the statute of the state, in which the injury occurred, gives the right of action and is similar to our own statute. Leonard v.

Columbia Steam Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491; Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Strauss v. N. Y., N. H. & H. R. R. Co., 91 App. Div. 583, 87 N. Y. Supp. 67; Howlan v. N. Y. & N. J. Tel. Co., 131 App. Div. 443, 115 N. Y. Supp. 316.

[2] The demurrer was sustained by the learned justice at Special Term, on the ground that the Florida statute as pleaded is unlike the statute of this state, and in that view we concur. Our statute gives a cause of action to the executor or administrator of the decedent for the benefit of a surviving husband, wife, or next of kin, and the plaintiff in such an action must allege and prove that the decedent left him or her surviving a husband, wife, or next of kin. Section 1902, Code of Civil Procedure. The damages are measured by the pecuniary loss sustained by the person or persons for whose benefit the action is prosecuted. The Florida statute as pleaded gives the cause of action to the executor or administrator, the decedent not having left him surviving a widow, minor child, or a person dependent upon his support; but there is nothing in the complaint to show for whose benefit the action is being prosecuted. The Florida statute of distribution is not pleaded, and we are not informed who the distributees under it are, or where they reside. It may be that the decedent left creditors, who will be entitled to any recovery. The suit therefore is not for the benefit of persons who would have a cause of action under our statute, and of course the rule of damages is different.

While section 1780 of the Code of Civil Procedure provides that an action may be maintained by a resident of this state against a foreign corporation for any cause of action, it has not been held that the section requires the courts of this state to take jurisdiction in this class of actions, simply because an administrator has been appointed in this state.

The appellant claims that the statute as pleaded is similar to the statute of Connecticut, which was involved in Leonard v. Columbia Steam Navigation Company, and Strauss v. New York, N. H. & H. R. R. Company, supra. But it will be seen, by reference to the Connecticut statute, that the damages recovered in such an action inure to the benefit of the husband, widow, and heirs of the deceased person. Gen. Stat. Conn. (Revision of 1887) c. 73, tit. 18, § 1008. If this action were being prosecuted by or for the benefit of the widow, or next of kin, residents of this state, an entirely different question would be presented.

[3] Of course, the construction of the Florida statutes must be governed by the decisions of the courts of that state. What rule of damages shall be applied in an action prosecuted for the benefit of an estate? In case of a recovery shall it be distributed here? If so, according to what statute of distribution? Would the pendency of this suit be a bar to a suit in Florida by an administrator appointed there, at the instance, for example, of Florida creditors? Queries which suggest practical reasons for remitting the parties, in a case like this, to the courts familiar with the administration of the laws involved.

It does not appear upon what grounds the surrogate acquired jurisdiction to grant letters of administration, and no question of fraud

or collusion arises, as in Hoes v. New York, N. H. & H. R. R. Co., 173 N. Y. 435, 66 N. E. 119; Pietraroia v. N. J. & H. R. R. & F. Co., 131 App. Div. 829, 116 N. Y. Supp. 249; Id., 197 N. Y. 434, 91 N. E. 120. In the latter case, Judge Gray, writing for the majority of the court, said:

"As a question of policy, it is intolerable that our courts should be impeded in the administration of justice, and that the people of this state should be burdened with expense, in redressing wrongs committed in another state, for the benefit, solely, of its citizens, and where the remedy is in the enforcement of its statutes."

[4] It seems to me that it is within the discretion of the Supreme Court to decline jurisdiction in a case like this, and that that discretion should be exercised, unless it appears that the action is being prosecuted for the benefit of citizens of this state, or, if by a resident administrator properly appointed, for the benefit of nonresidents, that the latter would at least have a cause of action in this state, if the injury had occurred here. The Special Term was plainly justified in denying the plaintiff's motion.

The order should be affirmed, with $10 costs and disbursements. All concur.