### GALLAGHER v. FLORIDA EAST COAST RY. CO.

(District Court, S. D. New York. May 14, 1912.)

1. COURTS (§ 359*)—FEDERAL COURTS—RULES OF DECISION—POLICY OF STATE.

The federal courts consider the policy of the state in which they are situated in determining the enforceability of statutes of other states.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. § 359.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. DEATH (§ 35*)—STATUTES—FOREIGN STATUTES—ENFORCEMENT—PUBLIC POLICY.

A Florida statute creating a cause of action for wrongful death provides that, where the decedent leaves no widow, minor child, or person dependent on him for support, an action may be maintained by his executor or administrator, and the recovery is an asset of the decedent to be distributed as if it were an actual asset belonging to the decedent at the time of his death. *Held*, that such act construed by the Florida courts to authorize a distribution of the amount recovered to creditors

was contrary to the policy of the state of New York, and would not therefore be enforced in a federal court sitting in New York.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*

What law governs actions for wrongful death, see note to Burrell v. Fleming, 47 C. C. A. 606.]

At Law. Action by Peter Gallagher, as administrator of the goods, chattels, and credits of John Gallagher, deceased, against the Florida East Coast Railway Company. On demurrer to complaint. Sustained.

George S. Scofield, of New York City, for the demurrer.

William A. McQuaid and Edgar J. Treacy, both of New York City, opposed.

MAYER, District Judge. This is an action, brought by an administrator appointed in the county of New York, to recover damages for the death of the decedent in Florida due, as alleged, to the negligence of the defendant.

It appears from the complaint, to which defendant demurs, that decedent left no widow, minor child, or any person dependent on him for support.

The Florida statute here pleaded, which creates the cause of action, is so contrary to the policy of the state of New York that it will not be enforced in this jurisdiction.

[1] It is, of course, well settled that the federal courts consider the policy of the state in which they are situated in order to determine the enforceability of the statute of another state. Slater v. R. R. Co., 194 U. S. 125, 128, 24 Sup. Ct. 581, 48 L. Ed. 900.

[2] The case at bar does not come within the principle of Stewart v. B. & O. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537. In that case the only material difference between the two statutes was that one statute allowed the action to be brought in the name of a representative, while in the other the action was required to be brought in the name of the state; but there was nothing in that case which showed that the statute of the state in which the cause of action arose was, in substance, inconsistent with the public policy of the state in which the right of action was sought to be enforced. The Florida statute set forth in the complaint herein provides, where a decedent dies leaving no widow, minor child, or person dependent upon him for support, that an action may be maintained by his executor or administrator, and that any recovery is an asset of the decedent to be distributed as if it were an actual asset belonging to decedent at the time of his death; and it has been held by the highest court of the state of Florida (Jacksonville Electric Co. v. Bowden, 54 Fla. 470, 45 South. 755, 15 L. R. A. [N. S.] 451) that under such circumstances the money recovered will be paid to creditors. The theory of New York state legislation has been that, where a person lost his life through another's negligence, a cause of action resulting therefrom was for the benefit

of those entitled to the support or aid of the deceased. The Florida statute goes further and makes the death of the deceased by negligence a possible commercial asset which can be availed of by creditors.

Each community has its own view as to the proper course to be pursued in dealing with subjects of legislation; but the view of Florida, as expressed in its statute, is so dissimilar from and so inconsistent with the policy of the state of New York that the New York courts have already refused to entertain jurisdiction in a case arising out of the very same accident set forth in the complaint herein, and that view is probably binding and, in any event, persuasive upon this court. Zeikus v. Florida East Coast Ry. Co., 144 App. Div. 91, 128 N. Y. Supp. 933.

The demurrer is sustained.