(155 App. Div. 368.)

PENSABENE v. F. & J. AUDITORE CO.

(Supreme Court, Appellate Division, Second Department. February 21, 1913.)

MASTER AND SERVANT (§ 250¾, New, vol. 16 Key-No. Series)—DEATH OF SERVANT—WORKINGMEN'S COMPENSATION ACT—ENFORCEMENT.

The New Jersey Workingmen's Compensation Act (P. L. 1911, p. 136) § 2, subd. 9, providing for the recovery of compensation for injury to or death of a servant, and declaring that every contract of hiring made subsequent to the taking effect of the act shall be presumed to have been made with reference thereto, applies only where the contract of

hiring is made in New Jersey, and the complaint in an action for the death of a servant which fails to set up a hiring made in New Jersey is demurrable.

Appeal from Special Term, Kings County.

Action by Francesco Pensabene, as administrator of Antonio Pensabene, deceased, against the F. & J. Auditore Company. From a judgment of the Special Term (78 Misc. Rep. 538, 138 N. Y. Supp. 947) denying a motion made pursuant to Code Civ. Proc. § 976, to sustain a demurrer to the complaint, and overruling the demurrer, defendant appeals. Reversed, and motion granted, with leave to serve an amended complaint.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Samuel Greason, Jr., of New York City, for appellant.

Charles A. Ludlow, of New York City, for respondent.

CARR, J. It is plain from a reading of subdivision 9, § 2, of the New Jersey law (P. L. 1911, p. 136), that its provisions for "elective compensation" apply, by force of said statute, only where the contract of hiring was made in the state of New Jersey. The complaint in this action fails to set up a hiring made in that state. I am inclined to the view that this failure of allegation was deliberate. Be that as it may, the complaint is defective so far as it is based upon the foreign statute. Beyond this point, I do not concur in the opinion of WOODWARD, J., for the further discussion therein contained is purely obiter. In view of the fact that this case was submitted to this court without any brief from the respondent and practically with but little oral argument from her counsel, I think it the better policy to refrain from any expression of views which, as this case stands before us, can be at most but personal views and not the declaration of a principle of law put forth necessarily to decide the actual controversy.

The order is reversed, with $10 costs and disbursements, and the motion to sustain the demurrer is granted, with $10 costs, with leave to the plaintiff to serve an amended complaint within 20 days on payment of costs as aforesaid.

JENKS, P. J., and BURR and THOMAS, JJ., concur. WOODWARD, J., concurs in separate opinion.

WOODWARD, J. (concurring). The plaintiff, as administrator of the goods, chattels, etc., of Antonio Pensabene, deceased, brings this action, under the provisions of the Workingmen's Compensation Act of the state of New Jersey, to recover the sum of $2,400 on behalf of the next of kin. The deceased, who was a resident of Kings county, was employed by the defendant, a domestic corporation whose charter provided that its principal office was to be located in the county

of Kings, but that "the corporation shall have power to conduct its business in all its branches or any part thereof in any of the states * * * but always subject to the laws thereof." Of course, the legislation of the state of New York could not authorize its corporations to do business in any other state, except upon the condition that .it should comply with the laws of the state where the business was conducted, and we should not refer to this provision of the defendant's charter, except for the fact that it is pleaded, and it seems to be assumed that by reason of this clause, "always subject to the laws" of the foreign state, the defendant assumed the obligations of a New Jersey statute providing for a system of elective compensation for injuries resulting in death within that state, though the contract of employment was made in this state, the work within the state of New Jersey being purely incidental, and consisting in the loading of a vessel which at the time was lying at a pier in the state of New Jersey, rather than within the jurisdiction of the state of New York.

Both the defendant and the plaintiff's intestate were residents of Kings county, and while it is not clearly alleged where the decedent entered into the contract of employment with the defendant, which carried on a general business of loading and unloading vessels in the harbor in and around the city of New York, the only fair inference is that the contract was made at the point where both parties reside, and that the decedent was sent to the point where the work was to be performed after the making of the contract. If this is the true state of facts, then it must be obvious that the defendant did not, in making this contract of employment within the state of New York, write into that contract a provision of the statute of the state of New Jersey, particularly as the employment, so far as appears from the pleadings, was general, and was to be performed "both in the state of New York and the state of New Jersey," depending upon the location of the particular vessel. A contract is to be interpreted as of the locality of its origin (Scudder v. Union National Bank, 91 U. S. 406, 23 L. Ed. 245), and matters respecting the remedy depend upon the law of the place where the action is brought (Scudder v. Union National Bank, supra). It would be strange, then, if it should be held that this contract of employment, made in the state of New York, should be held, in an action brought within this state, to impose upon the defendant the burdens of a statute it is not presumed to have known to exist, for there is no presumption that any one knows the provisions of statutory law in a foreign state.

The New Jersey statute, now pleaded, provides that when "employer and employé shall by agreement, either expressed or implied, as hereinafter provided, accept the provisions of section 2 of this act, compensation for personal injuries to or for the death of such employé by accident arising out of and in the course of his employment shall be made by the employer without regard to the negligence of the employer, according to the schedule," etc., and that "every contract of hiring made subsequent to the time provided for this act to take effect shall be presumed to have been made with reference to the provisions of section 2 of this act, and unless there be as a part

of such contract an express statement in writing prior to any acci-
dent, either in the contract itself or by written notice from either par-
ty to the other, that the provisions of section 2 of this act are not
intended to apply, then it shall be presumed that the parties have ac-
cepted the provisions of section 2 of this act and have agreed to be
bound thereby"; and the present action is based upon the theory that
this statute of New Jersey has an extraterritorial scope, and that there
was written into this New York contract a stipulation on the part
of the defendant to abide by the implied contract thus attempted to be
created by the laws of New Jersey.

It is to be remembered that this is not an action based upon neg-
ligence, either at common law or under the provisions of a statute,
but an action upon contract to recover a fixed sum of money, which
sum of money is based upon a schedule depending upon the number
of persons in the plaintiff's family, and other matters of that charac-
ter, without any reference to the question of the defendant's negli-
gence or responsibility for the death of the plaintiff's intestate. Clear-
ly if this contract was made within the state of New York—and both
of the parties being residents of the county of Kings this presump-
tion would arise in the absence of an allegation to the contrary—it
cannot be that either the plaintiff's intestate or the defendant had any
intention of contracting for fixed compensation in the event of the
decedent being injured or killed in the performance of this contract,
and the statute of New Jersey could not enter into that contract sim-
ply because the plaintiff's intestate went into the state of New Jersey
to perform an incident of his employment, and the courts of this
state, called upon to consider a contract of this state, will not attempt
to read into it the provisions of a New Jersey act. If this were a
statutory or common-law action for negligence, a different question
would be presented; but here the action alleged is based upon an im-
plied contract which could not arise between parties contracting with-
in the state of New York, and there is no allegation in the complaint
that the contract was made within the state of New Jersey. Both
parties must have been within that state, or they could not be held
to have entered into a contract by implication under the provisions
of the laws of that state, and the only right which the plaintiff could
assert would be one growing out of the law of negligence.

The learned court at Special Term, in denying the defendant's mo-
tion, handed down an opinion in which it was held that the complaint
stated a cause of action, and that the court had jurisdiction; this opin-
ion being based upon the theory that the foreign law, if not contrary
to our public policy or to abstract justice or pure morals, or calculated
to injure the state or its citizens, shall be recognized and enforced here,
if we have jurisdiction of all the necessary parties, and if we can see
that, consistently with our own forms of procedure and law of trials,
we can do substantial justice between the parties. Zeikus v. Florida
East Coast Ry. Co., 153 App. Div. 345, 138 N. Y. Supp. 478. There
is no doubt about the rule; the difficulty is with its attempted appli-
cation to the facts in this case. There could be no doubt if there was
a statute in this state of binding obligation which was substantially the

same as that of New Jersey, and the parties had entered into a contract under such a statute, the courts of this state would take jurisdiction and enforce the obligation; but there is no such statute in this state. Assuming, as suggested by the learned court at Special Term, that it would be unfair to argue the existence of a general public policy, antagonistic to legislation which aims to make the human wear and tear of production part of the producing cost from a judicial determination that in one statute relating to the subject some unconstitutional feature was found (referring to the case of Ives v. South Buffalo Ry. Co., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. [N. S.] 162, Ann. Cas. 1912B, 156), the case is not brought within the rule, because no statute of this state, whether unconstitutional or otherwise, has ever attempted to do what the New Jersey statute now under consideration has attempted. This New Jersey act is general in its application to all employés, and it attempts to make contracts between employer and employé by implication, where the parties do not interpose a written declaration taking their contract out of the statute, and it provides a means of summarily disposing of all questions arising under this so-called elective compensation contract, without resort to a jury trial, and it is to be noted that this so-called contract does not even permit of a fixed compensation for injury or death, but the amount to be paid depends upon the number of members contained in the family of the injured person, while the distribution of the amount thus ascertained is made to depend upon the statute of distributions of that state, whatever that may be. The whole procedure is prescribed as to the method of securing payment, and this procedure is confined to the courts peculiar to the state of New Jersey, and it is very doubtful if the action in its present form could be maintained in the courts of that state.

In the New York statute (chapter 674 of the Laws of 1910), on the contrary, the statute is confined "only to workmen engaged in manual or mechanical labor in the following employments, each of which is hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risks to the life and limb of workmen engaged therein are inherent, necessary or substantially unavoidable, and as to each of which employments it is deemed necessary to establish a new system of compensation for accidents to workmen." Here follows an enumeration of eight distinct employments, none of which involves an occupation such as the plaintiff's intestate was engaged in at the time of the accident. There is no effort on the part of this statute to make a contract between the employer and employé; it retains all the causes of action known to the common law or the statutes for recovering damages for injuries due to negligence, and merely provides that, if the injured party accepts the scheduled compensation fixed by the Legislature, he shall be barred from any recovery under these existing rights of action. And this statute has been declared unconstitutional. There is, therefore, no valid statute in the state of New York which in any manner resembles the New Jersey act here under consideration.

The only cause of action for damages due to the death of the person injured, which did not exist at common law, is the one provided

by section 1902 of the Code of Civil Procedure, as enlarged by section 200 of the Labor Law (Consol. Laws 1909, c. 31), and section 18 of article 1 of the Constitution of this state specially provides that this cause of action shall never be abrogated, "and the amount recoverable shall not be subject to any statutory limitation," so that the effort to limit or take away the cause of action provided by law would be unavailing; and it is likewise provided by section 1904 of the Code of Civil Procedure that the amount of the recovery in such actions shall be the "fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person or persons for whose benefit the action is brought," and it has been held repeatedly that the right to recover in actions of this kind depended upon the proof of the pecuniary interest which the interested party had in the life of the decedent. This last section was in force at the time the constitutional provision above quoted was adopted, and is not in violation of the provision which inhibits a statutory limitation upon the amount of the recovery. Under the statute as it originally existed the limit of recovery was fixed at $5,000, and this constitutional provision was intended to prevent such a limitation, where the life had a greater pecuniary value to the parties who had a right of recovery.

It is thus clear that there is nothing in the laws of this state which in any wise agrees with the letter or spirit of the New Jersey statute; the plaintiff would have no cause of action under the same or substantially the same state of facts, and upon the theory which he presents, were the entire transaction confined to the state of New York; and it is not the province of the courts of this state to take jurisdiction to enforce the special policy of the state of New Jersey, and the act in question is, under the doctrine of the Ives Case, supra, open to objection of attempting to take property without due process of law, both under the Constitution of this state and the fourteenth amendment of the Constitution of the United States.

The order appealed from should be reversed, with $10 costs and disbursements, and the order sustaining the demurrer should be granted, with costs.