(92 Misc. Rep. 475)

### LOUCKS et al. v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Special Term, Wayne County. December 11, 1915.)

1. COURTS ⬤≈39—JURISDICTION—DETERMINATION—PENAL ACTIONS.

The courts of one state will not enforce a purely penal statute of a sister state, for the reason that an action for a penalty is not transitory in its nature; but the question whether a statute of a sister state is penal, so as to deprive the court of jurisdiction, may be determined by the courts of the forum.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 152–156; Dec. Dig. ⬤≈39.]

2. DEATH ⬤≈35—ACTIONS—JURISDICTION—FOREIGN STATUTES.

Rev. Laws Mass. c. 171, § 2, as amended by St. 1907, c. 375, declares that in an action for wrongful death defendant shall be liable for damages in the sum of not less than $500 nor more than $10,000, which shall be assessed with reference to culpability and for the benefit of the widow and children or next of kin. Actions for damages for negligent death have been authorized in the state of New York for many years. Code Civ. Proc. § 1902, authorizes an action by the executor or administrator of a decedent who has left surviving a husband, wife, or next of kin. *Held* that, though the Massachusetts courts have decided their statute is penal in its nature, yet the New York courts have jurisdiction over a death action based on the Massachusetts statute; its purpose not being to punish a public wrong, but to afford a private remedy for the wrongful death, which is the same as the purpose of the New York statute.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. ⬤≈35.]

Action by Fannie F. Loucks and James M. Rutledge, as joint administrators of the goods, chattels, and credits of Everett A. Loucks, de-

ceased, against the Standard Oil Company of New York. On motion by defendant for judgment on the pleadings. Motion denied.

Olmsted, Van Bergen & Searl, of Syracuse, for plaintiffs.
Kenefick, Cooke, Mitchell & Bass, of Buffalo, for defendant.

CLARK, J. This is an action brought by the administrators of the estate of Everett A. Loucks, deceased, against the above-named defendant for damages for the death of plaintiffs' intestate, caused, as it is alleged, by the negligence of the defendant. The accident occurred in the state of Massachusetts, but the intestate was at the time of his death a resident of Wayne county.

[1, 2] The action is brought under what is known as the "Death Statute" of Massachusetts, being section 2 of chapter 171 of the Revised Laws of that state, as amended by chapter 375 of the Laws of 1907, and that statute reads as follows:

"If a person or corporation by his or its negligence, or by the negligence of his or its agents or servants while engaged in his or its business, causes the death of a person who is in the exercise of due care and not in his or its employment or service, he or it shall be liable in damages in the sum of not less than $500 nor more than $10,000, to be assessed with reference to the degree of his or its culpability or of that of his or its agents or servants, to be recovered in an action of tort, commenced within two years after the injury which caused the death, by the executor or administrator of the deceased, one-half thereof to the use of the widow and one-half to the use of the children of the deceased; or, if there are no children, the whole to the use of the widow; or, if there is no widow, the whole to the use of the next of kin."

Actions for damages for the negligent killing of a person have been authorized in the state of New York for many years and are provided for in sections 1902, 1903, 1904, and 1905 of the Code of Civil Procedure; section 1902 reading as follows:

"The executor or administrator of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof, if death had not ensued. Such an action must be commenced within two years after the decedent's death."

Section 1903 provides that the damages recovered in such an action are exclusively for the benefit of the decedent's husband or wife and next of kin.

The defendant in a most interesting and elaborate argument urges that the Massachusetts statute cannot be enforced in an action brought in the courts of this state, because that statute is penal in its character and has been so held by the courts of Massachusetts. McCarthy v. Wood Lumber Co., 219 Mass. 566, 107 N. E. 439. It is not necessary to cite authorities to sustain the proposition that the courts of one state will not enforce a purely penal statute of a sister state, for the reason that an action for a penalty is not transitory in its character; but the question whether or not a statute is penal in its character need not be exclusively determined by the courts of the state where the law was enacted, but can be determined in the state and by the court

where it is sought to have the statute enforced. Huntington v. Attrill, 146 U. S. 685, 13 Sup. Ct. 224, 36 L. Ed. 1123.

A reading of the death statutes of the states of New York and Massachusetts above quoted shows that the primary purpose of each of them is to furnish a private remedy to compensate parties who have suffered damages for private wrongs. It is not the purpose of the Massachusetts statute under consideration to punish a party for committing a public wrong, but its purpose is to furnish a remedy for a private injury against a person or corporation for an unlawful or negligent act, and the statute is not penal in its nature; its primary purpose being to furnish a means to procure compensation and not to inflict punishment. The wording of the statutes differs, of course; but they are similar in principle and in their purposes, viz., to compensate private parties who have suffered private wrongs and they are substantially similar in principle.

Under these circumstances no public policy of the state of New York is violated if a resident of this state, or his representatives, are permitted to enforce this foreign statute in the courts of this state, for I have no doubt that the courts of this state have jurisdiction where a resident seeks to enforce here a private remedy afforded by a statute of a sister state which is similar in principle to a statute of this state affording a similar remedy. This is especially so where, as in this case, substantial justice as between the parties requires that the court here should recognize and enforce the statute of a sister state, where the primary purpose of that statute is substantially similar to our own statutes, affording a means for obtaining compensation, and not punishment, for a purely private wrong. Leonard v. Columbia Steam Nav. Co., 84 N. Y. 48, 38 Am. Rep. 491; Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 1458, 22 Am. St. Rep. 803; Strauss v. N. Y., N. H. & H. R. R. Co., 91 App. Div. 583, 87 N. Y. Supp. 67; Huntington v. Attrill, 146 U. S. 670, 13 Sup. Ct. 224, 36 L. Ed. 1123; Pensabene v. Auditore Co., 155 App. Div. 372, 140 N. Y. Supp. 266.

This motion must therefore be denied, with costs. Ordered accordingly.