BROOKLYN CHILDREN'S AID SOCIETY, Plaintiff, *v.* INDUSTRIAL BOARD OF THE DEPARTMENT OF LABOR OF STATE OF NEW YORK and Another, Defendants.

Supreme Court, Kings County, February 15, 1930.

*Wood, Cooke & Seitz*, for Brooklyn Children's Aid Society.

*Hamilton Ward, Attorney-General*, for Industrial Board of Department of Labor.

FABER, J. Action for a determination of the validity and reasonableness of a ruling by the defendants that the provisions of section 3, group 18, of the Workmen's Compensation Law, as amended by chapter 755 of the Laws of 1928,* included the plaintiff and directing it to take out workmen's compensation

---

* Since amd. by Laws of 1929, chap. 304.— [REP.

insurance. This case brings into question the power of the Legislature to depart from the requirement of pursuit for pecuniary gain in the businesses subject to the Workmen's Compensation Law. Plaintiff is concededly a charitable corporation, actually engaged in philanthropic services, and not operating, nor capable of operating, for pecuniary gain, and it attacks the constitutionality of the amendment as applied to it by the ruling. By express definition, in section 2, subdivision 5, of the Workmen's Compensation Law, in force before the amendment, and in force still, the term "employment" includes employment "only in a trade, business or occupation carried on by the employer for pecuniary gain," and this general definition is applicable to the several groups of hazardous employments enumerated in the act. The amendment now under consideration reaches beyond these enumerated groups, extending generally to "all other employments," and provides that: "Notwithstanding the definition of employment" above quoted, these other employments shall be included under the Workmen's Compensation Law. Certainly, so far as terms are concerned, the requirement of the pursuit for pecuniary gain as a statutory requirement is dropped and plaintiff necessarily must, in support of its position, rely, as it does, upon such a requirement as one of the Constitution, by reason of the proviso to the constitutional amendment, "that all moneys paid by an employer to his employees or their legal representatives, by reason of the enactment of any of the laws herein authorized, shall be held to be a proper charge in the cost of operating the business of the employer." (State Const. art. 1, § 19.)

There are several cases cited by the Appellate Division, Third Department, as giving support to this contention. (*Matter of Rheinwald* v. *Builders' Brick & Supply Co.*, 168 App. Div. 425; *Allen* v. *State*, 173 id. 455; *Krug* v. *City of New York*, 196 id. 226.) These cases, also the case of *Beeman* v. *Board of Education of Penn Yan* (195 App. Div. 357), were directly concerned with features of the Workmen's Compensation Law as to which the Legislature had expressly prescribed a "pecuniary gain" requirement, and what was said in the opinions as to that requirement or the above proviso being an underlying or fundamental principle of the constitutional amendment, if not obiter, may be limited as relating only to the constitutional amendment as thus interpreted by the Legislature, and as inapplicable to it in the light of the legislative interpretation by the enactment under consideration.

In a later case in the same court (*Bailey* v. *School Dist. No. 5, Town of Leicester, Cuylerville*, 204 App. Div. 125, 127) the proviso to the constitutional amendment was said to have been "inserted as a permission or right to be afforded to a private employer to

offset any claim that his property was being taken without due process." In other words, it was inserted to answer the doubts expressed in that respect by the opinion in the case of *Ives* v. *South Buffalo R. Co.* (201 N. Y. 271), and, in like tenor, the Court of Appeals in *Matter of Jensen* v. *Southern Pac. Co.* (215 N. Y. 514, at p. 523), said that " so far as the due process clause or any other provision of our state Constitution is concerned the amendment amply sustains the act." The further quotation from the opinion of Mr. Justice HINMAN in the *Bailey Case* (*supra*) is definitely and decisively in the direction of exclusion of the idea of a paramount power or purpose in the proviso to control and limit the Legislature in its effectuating interpretation of the entire constitutional amendment. After quoting the proviso, he said: " No good reason can be urged for interpreting that clause of our State Constitution as meaning a limitation on the otherwise paramount power of the Legislature to allow a compensation claim against the State or any subdivision thereof, which in good morals ought to be allowed if it requires it of a private employer under similar circumstances." This was said in reference to a provision of the Workmen's Compensation Law which definitely dispensed with any requirement that the State or a subordinate governmental agency should be in business for pecuniary gain, and it is simply another application of the same logic to hold that the Legislature may constitutionally dispense with that requirement as to charitable organizations so far as concerns employees engaged in hazardous work.

As to such organizations, the proviso to the constitutional amendment, if it may have any implication other than that above mentioned of warding off objections as to want of due process of law, is met and satisfied when the cost of the insurance of the charitable organization is made an *overhead* charge upon the cost of operating the business; that is, the business of maintaining a philanthropic organization without present right to, or ability for, pursuit of pecuniary profit. When it is considered that the entire amendment was designed to meet an agreed sociological hardship by making " the human wear and tear of production part of the producing cost " (*Pensabene* v. *F. & J. Auditore Co.*, 155 App. Div. 368, 373), it requires no stretch of reasoning to accord a broad and liberal meaning to the term " business " in the proviso instead of restricting it to some sense synonymous with acquisitive trade or pursuit of profit. It may be, as applied to the philanthropically organized plaintiff, understood in the same general sense in which, according to the complaint, " business " is used in its certificate of incorporation; that is, the business of the conduct of its philanthropic activities. On the whole, I find nothing in the constitutional amendment nor in its proviso nor in the authorities to warrant

making the pecuniary profits of trade and their perpetuation into the sales price of a salable product something which is necessarily to limit the Legislature in its determination by enactment of how far it will go toward making the Workmen's Compensation Law apply to any and all occupational injuries.

The defendants contend that jurisdiction of the question is exclusively in the Appellate Division, Third Department, by force of section 23 of the Workmen's Compensation Law. That section provides for an appeal from " an award or decision of the board " to the Appellate Division of the Supreme Court, Third Department, where such appeals are to be heard " in a summary manner " and with " precedence over all other civil cases in such court." This last language, as well as the entire context and connotations of the section, sufficiently indicates that the appeals contemplated by the section are special limited and summary appeals involving awards and decisions regarding liabilities for injuries. There is no derogation of the right to bring an action in any branch of the Supreme Court for determination of questions of broader import, such as the validity and reasonableness of the ruling in question, as is fully recognized in sections 110 (as amd. by Laws of 1921, chap. 642) and 111 of the Labor Law,* and which apply here.

For the reasons stated, judgment is directed in favor of the defendants dismissing the complaint. Submit decision and judgment.