(79 Misc. Rep. 554.)
### In re JANNICKY, Clerk of Municipal Court.

(Supreme Court, Special Term, Kings County. February 19, 1913.)

CLERKS OF COURTS (§ 7*)—TERM OF OFFICE AND VACANCY.

    Laws 1907, c. 603, § 6, amending New York City Charter (Laws 1901, c. 466) § 1373, provided that the clerks of Municipal Courts of the city of New York in office December 31, 1907, should hold office for the remainder of the terms for which they were appointed, and that their successors should be appointed in each district by the justice or justices thereof for a term of six years. Public Officer's Law (Consol. Laws 1909, c. 47) § 80, provides that a public officer, on refusal of the possessor to deliver books and papers belonging to the office, may apply to a justice of the Supreme Court of the district for an order directing their delivery. The office of the clerk of the Municipal Court, Second District, in the borough of Brooklyn, expired November 7, 1912, and within 30 days the justices of the district agreed upon the appointment of respondent. *Held* that, after respondent's appointment, there was no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vacancy which could be filled by the justices in the borough of Brooklyn, so that petitioner, their appointee, was not legally appointed to be clerk, and hence was not entitled to an order for the delivery of the books, etc.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 21–25; Dec. Dig. § 7.*]

In the matter of the application of Charles W. Jannicky, Clerk of the Municipal Court, City of New York, Second District, Borough of Brooklyn, to compel John Henigan, Jr., to deliver to him, as such clerk, the books, papers, records, and accounts appertaining to such office. Petition denied.

William F. Hagarty, of Brooklyn, for petitioner.
Robert J. Mahon, of New York City, for respondent.

BENEDICT, J. In this case, although I have given much time to the consideration of the able briefs submitted by counsel upon the interesting questions presented, the time at my disposal will only admit of a brief statement of the conclusion at which I have arrived. I am of the opinion that it was the legislative intention in the passage of section 6, c. 603, of the Laws of 1907, amending section 1373, N. Y. Charter (Laws 1901, c. 466), to recognize existing conditions in the holding of office of the clerks of the Municipal Courts mentioned in the act.

The amendatory act provides that:

"The clerks and assistant clerks of the Municipal Court of the city of New York in office on the thirty-first day of December, nineteen hundred and seven, shall continue to hold office for the remainder of the terms for which they were appointed at their present salaries, but in the borough of Manhattan they may be assigned to the duties of deputy clerks or assistant clerks. * * * The clerk in each district for which there shall on the first day of January, nineteen hundred and eight, be no clerk, under the provisions hereof, shall be appointed by the justice or justices of the district. The successors of any clerks so appointed or as herein provided, as well as of the clerks in office on the thirty-first day of December, nineteen hundred and seven, shall be appointed in each district by the justice or justices thereof for a term of six years from the date of appointment, and shall receive a salary of three thousand dollars per annum, except in the boroughs of Queens and Richmond, where the salary of such clerks shall be two thousand dollars per annum."

The scheme of the act involved a general reorganization of the clerks and assistant clerks of these courts, and did not undertake to cut down or change the terms of clerks then in office, but provided that they should "continue to hold office for the remainder of the terms for which they were appointed." It does not specify terms for which they were legally appointed, but it recognizes the validity of existing or subsisting appointments, which were in force, and to that extent, as it seems to me, it was a statute of repose. It says, in practical effect, there are certain of these clerks whose appointments as filed indicate that the terms for which they were appointed still have some time to run after the 31st day of December, 1907. As to such clerks, no change, either in term or salary, shall be made by the jus-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tices until the expiration of the terms so limited, but, when these do expire, the justices shall appoint the successors of such clerks for a term of six years from the date of appointment. If the justice or justices of the district wherein such vacancy occurs shall fail for 30 days to agree upon such appointment, then the justices in the borough containing such district, or a majority of them, shall make such appointment. This act is in its terms so plain and unambiguous as to leave no room for speculation in interpreting it. So construed, it shuts the door to litigation as to validity of the holding of these offices; and when it is considered how serious to the public might be the results from doubt and uncertainty as to whether a clerk de facto and on the official records also the clerk de jure was not entitled to the office because, as is claimed in this case, a vacancy in the office of a predecessor had existed from January 1, 1900, to October 12, 1900, it requires no strained construction of legislative intent to say that the act of 1907 provided, and wisely provided, for a recognition of the actual conditions which the official records then showed to exist.

If I am correct in thus interpreting the act in question, no further point remains for consideration in this case. The term of office of Clerk Van Wart did not by the terms of his appointment expire until November 7, 1912, and the justices of the district agreed upon the appointment of the respondent Henigan on November 18, 1912, within 30 days from the date of such expiration; and by appointing him for a term of six years from the last-named date there was left no vacancy which could be filled by the justices in the borough of Brooklyn or a majority of them, and in consequence thereof the petitioner Jannicky was not legally appointed to be clerk, and is not entitled to invoke the powers conferred upon the Justices of the Supreme Court under the provisions of section 80, Public Officer's Law (Consol. Laws 1909, c. 47), and his petition must be, and is, denied, with costs.