day of May, 1913, without having taken any part in the determination of this appeal.

---

ILIFFE, Respondent, v. POELLATH, Appellant. (Supreme Court, Appellate Division, Second Department. June 13, 1913.) Action by Benjamin M. Iliffe against Max Poellath. No opinion. Order affirmed, with $10 costs and disbursements.

---

INGRAM, Respondent, v. BRAYER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. June 11, 1913.) Action by Robert Ingram against Nicholas L. Brayer and another. No opinion. Judgment and order affirmed, with costs.

---

JAMAICA WATER SUPPLY CO., Respondent, v. DRUMMOND et al., Appellants. (Supreme Court, Appellate Division, First Department. May 29, 1913.) Action by the Jamaica Water Supply Company against Michael J. Drummond and another. E. J. McGuire, of New York City, for appellants. J. W. Osborne, of New York City, for respondent. No opinion. Order affirmed, with costs. Order filed. See, also, 150 App. Div. 925, 135 N. Y. Supp. 1119.

---

JAMAICA WATER SUPPLY CO., Respondent, v. HILL, Appellant. (Supreme Court, Appellate Division, Second Department. May 29, 1913.) Action by the Jamaica Water Supply Company against John Hill.

PER CURIAM. Upon the merits plaintiff is entitled to judgment. There seems to be an irregularity in the practice. Defendant moved for judgment on the pleadings, and that motion was denied. Plaintiff does not appear to have made any cross-motion for affirmative relief. The order at Special Term should have been limited to a denial of defendant's motion. Ventriniglia v. Eichner, 138 App. Div. 274, 122 N. Y. Supp. 966; Schwartz v. Williams, 153 App. Div. 302, 137 N. Y. Supp. 1048. The order of affirmance in this court should also have been limited to affirming the order denying the motion for judgment on the pleadings. It would follow that the final judgment in favor of the plaintiff, and also the interlocutory judgment, must be reversed, with costs of this appeal to the appellant, unless the parties shall stipulate to the effect that a motion by plaintiff for judgment on the demurrer was regularly brought on and heard before the entry of the interlocutory judgment herein, and shall make such stipulation a part of the record in this case. See, also, 153 App. Div. 919, 138 N. Y. Supp. 1122.

---

JAMES LUMBER CO., Appellant, v. SMITH et al., Respondents. (Supreme Court, Appellate Division, Third Department. July 8, 1913.) Action by the James Lumber Company against Claremont E. Smith and another. No opinion. Judgment unanimously affirmed, with costs.

---

In re JANNICKY. (Supreme Court, Appellate Division, Second Department. June 6, 1913.) In the matter of the application of Charles W. Jannicky to compel John Henigin, Jr., to deliver books, papers, etc.

PER CURIAM. Order 79 Misc. Rep. 554, 140 N. Y. Supp. 308 affirmed, with $10 costs and disbursements.

CARR, J., dissents.

---

JARASHOW, Respondent, v. EMERY, Appellant. (Supreme Court, Appellate Division, Second Department. May 29, 1913.) Action by Israel Jarashow against John W. Emery.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, on the ground that plaintiff has not shown complete performance, and has not sustained his burden of proof as to substantial performance, because he has not shown the value of the omitted work.

JENKS, P. J., and PUTNAM, J., dissent.

---

JASINSKI v. INTERBOROUGH RAPID TRANSIT CO. (Supreme Court, Appellate Division, First Department. June 20, 1913.) Action by Androcz Jasinski against the Interborough Rapid Transit Company. No opinion. Application denied, with $10 costs. Order signed.

---

In re JOHNSON et al. (Supreme Court, Appellate Division, First Department. June 13, 1913.) In the matter of John D. Johnson and another. No opinion, Order affirmed, without costs. Order filed.

---

JOHNSON, Appellant, v. NASSAU ELECTRIC R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 29, 1913.) Action by Lewis Johnson against the Nassau Electric Railroad Company.

PER CURIAM. Judgment reversed, and new trial granted, costs to abide the event. There was evidence from which the jury could find that defendant's car was permitted to approach a street crossing at a high rate of speed, without giving any warning, and that the car was not under control of the motorman. Plaintiff was not the driver of the piano van with which the car came into collision, but was employed as a helper thereon. There was evidence that, just before the van reached the intersecting streets, plaintiff saw the driver look up and down the street which he was about to cross, and then proceed, and that plaintiff, after looking and seeing no car approaching, went to the rear of the van, the sides of which were inclosed, to hold a piano while the van was crossing the car tracks. It was a question of fact for the jury whether under such circumstances plaintiff was guilty of contributory negligence in failing to observe the approaching car and warn the driver.

---

J. OTTMAN LITHOGRAPHING CO., Appellant, v. DODGE et al., Respondents. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Action by the J. Ottman Lithographing Company against D.

Frank Dodge and another. No opinion. Judgment affirmed, with costs.

JOYCE v. WEBSTER. (Supreme Court, Appellate Division, First Department. June 20, 1913.) Action by Margaret Joyce against Henry J. Webster. No opinion. Motion denied, with $10 costs. Order filed. See, also, 141 N. Y. Supp. 1125.

JULIAMS v. CAREY PRINTING CO. (Supreme Court, Appellate Division, First Department. June 6, 1913.) Action by John Juliams against the Carey Printing Company. No opinion. Application denied, with $10 costs. Order signed.

KEEGAN, Respondent, v. LORD ELECTRIC CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 6, 1913.) Action by John H. Keegan, as administrator, etc., against the Lord Electric Company. No opinion. Motion denied, without costs.

KEEPSDRY CONST. CO. v. BARONOFF et al. (Supreme Court, Appellate Division, First Department. June 6, 1913.) Action by the Keepsdry Construction Company against Lippa Baronoff and another. No opinion. Application denied, with $10 costs. Order signed.

KELLUM v. CORR et al. (Supreme Court, Appellate Division, Second Department. June 10, 1913.) Action by Cornelia Kellum against Alice J. Corr and others, in which the Mission of the Immaculate Virgin appeals. No opinion. Motion to resettle order denied, without costs. See, also, 149 App. Div. 200, 133 N. Y. Supp. 784.

KEMPNER, Respondent, v. F. B. HAVILAND PUB. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 27, 1913.) Action by Milton Kempner against the F. B. Haviland Publishing Company. No opinion. Order affirmed, with $10 costs and disbursements.

In re KENNEY. (Supreme Court, Appellate Division, First Department. June 6, 1913.) In the matter of M. Francis Kenney. No opinion. Motion granted. Settle order on notice. See, also, 155 App. Div. 890, 140 N. Y. Supp. 314.

KERWIN, Appellant, v. LONG ISLAND R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 23, 1913.) Action by John W. Kerwin, an infant, by Catherine A. Kerwin, his guardian ad litem, against the Long Island Railroad Company.

PER CURIAM. The rope furnished by defendant for ordinary use upon its wagons for the purpose of securing the loads of said wagons was a part of the "plant," within the meaning of the statute. Lipstein v. The Provident Loan Association, 154 App. Div. 732, 139 N. Y. Supp. 799. The action was therefore maintainable under the provisions of the Labor Law, as amended in 1910. The questions of assumption of risk or contributory negligence on the part of the plaintiff were primarily for the jury. Judgment reversed, and new trial granted, costs to abide the event.

KEVE v. COLUMBIA KID HAIR CURLERS MFG. CO. (Supreme Court, Appellate Term, First Department. June 24, 1913.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Max Keve against the Columbia Kid Hair Curlers Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed. Meyer D. Siegel, of New York City, for appellant. Harry Stackell, of New York City, for respondent.

PER CURIAM. Judgment reversed, with costs, and complaint dismissed, with costs, on the ground that the Municipal Court was without jurisdiction to entertain the action. Weisel v. Old Dominion Steamship Co., 99 App. Div. 568, 91 N. Y. Supp. 140.

KEVE v. COLUMBIA MFG. CO. (Supreme Court, Appellate Division, First Department. July 11, 1913.) Action by Max Keve against the Columbia Manufacturing Company. No opinion. Application granted. Order signed. See, also, 142 N. Y. Supp. 1125.

KEYTON v. UNIVERSAL MOTOR TRUCK CO. (Supreme Court, Appellate Division, First Department. July 11, 1913.) Action by George W. Keyton against the Universal Motor Truck Company. No opinion. Application denied, with $10 costs. Order signed.

KIDD, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Action by John Kidd, as executor, etc., of George W. Wait, deceased, against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event. On the issue of warning signals from defendant's train, the outside testimony of a large number of disinterested witnesses supports the affirmative evidence of the engineer and fireman. There was no substantial issue raised by negative testimony from observers in a position to hear and see, and who were attentive to the train's approach. Plaintiff's testimony was therefore overborne by that of defendant upon the vital issue of defendant's signals, and the want of care by plaintiff's testator in driving his motor car upon the crossing in front of the train. Hence the motion to set aside the verdict, as against the weight of evidence, should have been granted.

KIESEWETTER, Respondent, v. HILLIARD, Appellant. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Ac-